UNITED STATES FIDELITY AND GUARANTY COMPANY *vs.*
MARY L. SHEEHAN.

Middlesex.   November 6, 7, 1940. — February 24, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, & DOLAN, JJ.

*Land Court*, Requests and rulings; Exceptions: whether error harmful,
whether exception saved, what questions open.   *Error*, Whether
harmful.   *Mortgage*, Of real estate: foreclosure.   *Bona Fide Pur-
chaser*.   *Fraudulent Conveyance*.   *Fraud*.

A statement in a bill of exceptions, allowed by a judge of the Land Court
who heard a writ of entry, that by failing to act on a "motion" by
the tenant that "upon all the evidence as a matter of law" the de-
mandant had failed to sustain his case, the judge had impliedly denied
the "motion," and a purported exception to such denial gave no
standing to such a "motion" in this court where it appeared that,
even if treated as a request for ruling, it was filed with the trial judge
too late under Rule 6 of that court (1935).

An error of a judge of the Land Court in granting a ruling, as to an issue
on which the evidence warranted either of contrary findings, that
"upon all the evidence and as a matter of law" the fact was as con-
tended by the requesting party, was harmless where the judge stated
that a finding to that effect was "upon all the evidence."

The fact that, in taking a mortgage of land, the mortgagee gave fair
consideration without knowledge of fraud was no protection to a
purchaser at a sale in foreclosure of the mortgage who actively had
participated in a fraudulent scheme whereby a corporation con-
trolled by his father had conveyed the land in fraud of its creditors
to the mortgagor, another corporation likewise controlled, and that,
in purchasing at the sale, he had acted as a mere straw or agent for
the mortgagor corporation.

A mere "objection" to the admission of certain evidence at a hearing in
the Land Court, without a statement in a bill of exceptions that an
exception was saved, brought no question to this court.

An exception to a ruling by a judge of the Land Court as to the effect
of findings by an auditor at a previous stage of the case did not present
the question of the propriety of the judge's admitting the report in
evidence.

WRIT OF ENTRY in the Land Court dated May 7, 1934.

The case previously was before this court (303 Mass.
105,) when exceptions of the tenant were sustained, this
court in substance stating in its opinion that, where it

appeared from a report by an auditor whose findings were final that Conners Brothers Company, dominated and controlled by Dennis E. Conners, had conveyed the real estate in question in fraud of its creditors to English Construction Company, likewise dominated by Dennis E. Conners, and that that corporation had mortgaged the land to one who received the mortgage for a consideration and in good faith, and that the tenant, with knowledge of the initial fraud, had purchased at a sale in foreclosure of that mortgage, a judgment for the demandant ought not to have been ordered in the absence of further findings as to the status of the tenant as purchaser.   The case therefore was further heard by *Fenton*, J., to determine the status of the tenant as such purchaser.

The last paragraph of the bill of exceptions read as follows: "The tenant is aggrieved by the admission of evidence against her objections and by the giving of rulings requested by the demandant, and by the refusal of the court to grant the rulings requested by the tenant, and further by the refusal of the court to grant the tenant's motion for a finding, and by the decision of the court and the findings and rulings set forth in said decision, and excepts to the decision and to the rulings given and the findings contained in the decision, and to the failure of the court to give the rulings requested by the tenant and the court's refusal to allow the tenant's motion, and prays that these, her exceptions, may be allowed."

*W. S. Kenney*, (*W. D. Regan* with him,) for the tenant.

*W. F. Howard*, for the demandant.

LUMMUS, J.   This is a writ of entry to recover land conveyed in fraud of creditors of Conners Brothers Company. The story of the controversy appears in *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105.   The tenant bought the land at a foreclosure sale conducted by a mortgagee who paid value and took title unaffected by the fraud.   The demandant bought the land on execution after a special attachment of it as standing in the name of the tenant.   After the former decision in this court, there was a further hearing as to the status of the

tenant, and the judge of the Land Court made the following finding: "I find upon all the evidence that Mary L. Sheehan actively participated in the fraud and the fraudulent scheme and plan which was conceived and perpetrated for the purpose of putting the real estate of Conners Brothers Company beyond the reach of its creditors, and that she holds title to the demanded premises as a straw for the English Construction Company which is controlled by her father Dennis E. Conners." Upon this finding the judge ordered judgment for the demandant.

The tenant, a week after the hearing, filed a "motion" that "upon all the evidence as a matter of law the demandant has failed to sustain its case." The judge rightly ignored this "motion," for it had no standing unless construed as a request for a ruling (*Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94–95; *Commonwealth* v. *Brown,* 302 Mass. 523, 525; *Commonwealth* v. *Carter,* 306 Mass. 141, 143), and so construed it came too late under Rule 6 of the Land Court (1935), adopting Rule 71 of the Superior Court (1932). The assertion in the bill of exceptions, inadvertently assented to by the judge by allowing the bill, that his failure to act on the "motion" impliedly denied it, is not a true statement of law, for the "motion" as such had no standing requiring either granting or denial. But the subject matter of that motion was covered in large measure by the tenant's requested rulings numbered 2 and 3, to the effect that the evidence did not warrant a finding that the tenant participated in the fraud, and by the demandant's requested ruling numbered 2, which was granted. In our opinion such a finding was warranted, and there was no error as to this matter.

The judge granted ruling numbered 3 requested by the demandant, as follows: "Upon all the evidence and as a matter of law, Mary L. . . . [Sheehan] actively participated in the original fraud." That ruling was erroneous, for the evidence warranted a finding either way. We observe that counsel and judges not infrequently imperil decisions by needlessly seeking or making rulings that the conclusion reached is required as matter of law, when in truth it is merely warranted as matter of law and therefore

permissible as a finding of fact. *Pearson* v. *O'Connell,* 291 Mass. 527. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Harding* v. *Broadway National Bank of Chelsea,* 294 Mass. 13, 20. *Sheehan* v. *Aetna Life Ins. Co.* 296 Mass. 535, 540–541. *Gibbons* v. *Denoncourt,* 297 Mass. 448, 457. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446. But the order for judgment was not the result of any such ruling of law. The finding quoted in the first paragraph of this opinion was a finding of fact "upon all the evidence." The error in the ruling was therefore harmless. *Marquis* v. *Messier,* 303 Mass. 553.

The tenant contends that, even though she was a party to the fraud, she obtained a clear title by buying at a foreclosure sale conducted by a mortgagee who took as a purchaser for fair consideration without knowledge of the fraud at the time of his purchase. She contends that G. L. (Ter. Ed.) c. 109A, § 9, produces that result, especially when compared with G. L. (Ter. Ed.) c. 107, § 81, and *Browne* v. *Brockton National Bank,* 305 Mass. 521, 531–532. The order for judgment for the demandant did not rest solely on the finding that the tenant participated in the fraud. It rested also on a finding, warranted by the evidence, that the tenant was not a genuine purchaser in her own right, but holds title as a "straw" or agent for English Construction Company, which was an active party to and an instrument in the entire fraud and took title to all the land in question as the fraudulent grantee of Conners Brothers Company and then gave to Edward F. Conners the mortgage under which the tenant claims. The tenant relies on the omission of any reference to a purchase by a fraudulent party from an innocent purchaser in the statutory statement of an exception to the general right of a creditor to pursue the property fraudulently conveyed. But we think that notwithstanding the form of G. L. (Ter. Ed.) c. 109A, § 9, there was no legislative intention to abolish the established rule that a party to a fraud cannot acquire a clear title even from an innocent purchaser. *Phillips* v. *Chase,* 203 Mass. 556, 566. *Independent Coal & Coke Co.* v. *United States,* 274 U. S. 640, 647. Scott, Trusts

(1939) §§ 317, 318. By § 11 of that chapter the statutory provisions are recognized as not being complete and exclusive. The tenant in our opinion suffers from a personal disqualification to take advantage of the usual rule protecting one who acquires title from an innocent purchaser for value.

Certain evidence was admitted over the tenant's "objections," but the bill of exceptions does not show that she excepted. Objection is not exception, and no question of evidence is before us. *Ogden* v. *Aspinwall*, 220 Mass. 100, 103. *Hess* v. *Boston Elevated Railway*, 304 Mass. 535, 540, 541. *Okin* v. *Sullivan*, 307 Mass. 227. Exceptions to the granting of rulings requested by the demandant as to the effect of findings by the auditor do not revive questions of the admissibility of his report. *Crowley* v. *Swanson*, 283 Mass. 82, 85. Rule 6 of the Land Court (1935) providing that "no statement other than that contained in a bill of exceptions that a party excepts to an order, ruling or decision made in the absence of counsel, need be filed" (*United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 113), has no application to a ruling made at the trial in the presence of counsel. By Rule 72 of the Superior Court (1932), adopted by Rule 6 of the Land Court (1935), an exception to such a ruling must be taken at the time when the ruling is given. Other exceptions taken appear to be immaterial.

*Exceptions overruled.*