DANIEL J. LYONS *vs.* THOMAS F. HENNESSEY.

Essex.   May 7, 1943. — June 30, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, One owning or controlling real estate. *Practice, Civil,* Requests, rulings and instructions.

Upon findings by a trial judge that the plaintiff, injured when a rope on the defendant's premises being used by workmen to lower an object over a sea wall "ran out" as the plaintiff stood over it, knew or should have known as much as the defendant about the immediate conditions and that neither the plaintiff nor the defendant knew what the workmen were doing or about to do, and a statement by the judge that he did not find that there was any hidden danger, there was no error in the denial of requests by the plaintiff for rulings predicated upon a duty of the defendant to warn the plaintiff of danger in his surroundings.

At the trial of an action where the plaintiff relied solely on an alleged failure of the defendant or his employees to warn him of a danger, and where there was evidence that the plaintiff sustained injuries due to conduct of workmen employed by the defendant but a finding was not warranted that in the circumstances the defendant owed to the plaintiff any duty to warn of danger, there was no error, even if a finding that the workmen were careless was warranted, in granting a request by the defendant for a ruling that the evidence did not warrant a finding that the plaintiff received his injuries as the result of the negligence of anyone for whose conduct the defendant was responsible.

A granting of a request by the defendant for a ruling that the evidence did not warrant a finding that personal injuries sustained by the plaintiff were caused by negligence on the part of the defendant did not harm the plaintiff where the record disclosed that the judge considered the evidence and the law applicable thereto and made specific findings requiring a general finding for the defendant.

TORT. Writ in the Superior Court dated November 4, 1941.

The case was heard by *Greenhalge*, J., without a jury.

*J. J. Foley*, (*J. B. Clancy* with him,) for the plaintiff.

*John J. Sullivan*, (*W. I. Badger, Jr.*, with him,) for the defendant.

Cox, J. This is a report by a judge of the Superior Court who denied certain requests of the plaintiff for rulings, and gave certain requests of, and found for, the defendant. His findings are incorporated in the report, which states that it contains all material evidence.

The judge found the following facts. The plaintiff, a patient of the defendant, called at the defendant's home for treatment and was on his premises as a business invitee. At that time certain work was being done on the ocean side of the premises, and portions of the fence there had been removed. Two large poles were resting against the remaining fence and, by means of a rope attached to the poles, workmen were engaged in lowering a tank to the shore, about thirty feet below. The plaintiff was ignorant of the nature of the work that was being done, but it was obvious that something was or had been undertaken. The defendant, who was more or less intimate and friendly with the plaintiff, told him to "Go down where the fence is down and see what the men are doing and tell Paul [the defendant's son] that . . . [he] want[ed] him to come here at once." The plaintiff, for the purpose of looking over the edge, stepped over the poles and was stepping or standing over the rope as it lay on the ground when the men, who were below and out of sight, began to lower the tank and the rope "ran out," and in some manner the plaintiff fell or was precipitated to the shore below. Further findings will be hereinafter referred to.

The plaintiff's requests for rulings that have been argued all relate to the alleged duty of the defendant to warn him and to the effect of failure to warn. The plaintiff also requested rulings relative to the obligation of the defendant to keep his premises in a reasonably safe condition, in so far as the plaintiff as an invitee was concerned. The plain-

tiff, however, is "inclined to agree" that the rulings made by the judge upon this point were correct.

The judge, in effect, ruled that it was the defendant's duty to use "due care" which would include the duty to warn the plaintiff of any danger that was not readily apparent, but he stated that he did not find that there was any hidden danger to which the duty to warn could apply. He found that the plaintiff was familiar with the premises and knew that the gap in the fence left unprotected a sea wall some thirty feet high; that he knew from the recumbent poles and the rope that there was something being done below by men who were invisible to the plaintiff and the defendant; that neither the plaintiff nor the defendant knew what the men were doing or about to do; and that apparently the plaintiff knew or should have known as much as the defendant about the immediate conditions, although the plaintiff did not know that the general purpose of the work was the construction of a boat landing. He stated that for these reasons he declined to give the plaintiff's requested rulings.

The defendant owed a. duty to the plaintiff in the circumstances to use reasonable care to keep the premises in a reasonably safe condition for his use, according to the invitation, or at least to warn him against any dangers attendant upon his use that were not known to him or obvious to any ordinarily intelligent person and either were known or, in the exercise of reasonable care, ought to have been known to the defendant. *Kelley* v. *Goldberg*, 288 Mass. 79, 81, and cases cited. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227, 229. Although most of our cases have to do with the condition of premises where there is some defect in the premises themselves or something in the nature of a concealed condition that makes them dangerous, nevertheless there are cases where the unsafe condition at the time of the injury has arisen as the result of conduct of persons on the premises for which the defendant has been held responsible. See *Thompson* v. *Lowell, Lawrence, & Haverhill Street Railway*, 170 Mass. 577; *Wilson* v. *Norumbega Park Co.* 275 Mass. 422; *Shanney* v. *Boston Madison Square Garden*

*Corp.* 296 Mass. 168. The duty owed to an invitee is measured and limited by the nature of the invitation. *Palmer v. Boston Penny Savings Bank,* 301 Mass. 540, 543. In view of the judge's finding, we are of opinion that there was no error in the denial of the plaintiff's requests.

There was no error in ruling at the request of the defendant that the latter owed the plaintiff no duty to warn of conditions that were open and obvious. The judge also ruled that the evidence did not warrant a finding that the plaintiff received his injuries as the result of the negligence of anyone for whose conduct the defendant was responsible. In this connection the duty owed by the defendant must be kept in mind. The judge found, in effect, that there was no violation of this duty and, categorically, that the plaintiff knew or should have known as much as the defendant about the immediate conditions. If we assume, without deciding, that it could have been found that the workmen were careless, nevertheless the defendant was responsible only within the terms of his duty to keep the premises reasonably safe or to warn the plaintiff, if so required, within the rule already stated. We think that in the circumstances there was no error in giving this request.

The judge also ruled at the request of the defendant that the evidence did not warrant a finding that the plaintiff's injuries were caused by negligence on the part of the defendant. This was equivalent to a ruling that, as matter of law, the evidence required a finding for the defendant for the reason that the defendant was not negligent. See *Bresnick v. Heath,* 292 Mass. 293, 298. The judge stated that he did not find that the plaintiff was contributorily negligent. We are of opinion that it was not error to give this request. The plaintiff testified that it was daylight at the time he was injured and that, as he was talking with the defendant before he started toward the sea wall, he looked and saw for the first time that the fence was out of place; that he saw the poles with ropes extending from them toward the opening in the fence and over the wall, and another rope around a stone post and running along the ground over the wall; that he walked over to the wall

where the fence had been removed for the purpose of seeing what the men were doing and where the defendant's son was; that he stepped over the poles and over the loose end of the rope that was lying on the ground and was about to look over the wall when the rope, which was between his feet, caught his leg and threw him over the wall; and that he knew that the workmen were doing something. There was other evidence that, as the workmen were lowering the tank, it became wedged, and that, as they pried it loose, it dropped the remaining four or five feet with a quick jerk, snapping the rope. There is nothing in the record from which it could have been found that the defendant knew or ought to have known, in the exercise of reasonable care, that what actually happened would happen. Moreover, there is the finding that the plaintiff apparently knew or should have known as much as the defendant about the immediate conditions. We think there was no error in giving this request. See *Memishian* v. *Phipps*, 311 Mass. 521, 524.

Moreover, construing this ruling as one to the effect that the evidence required a finding as matter of law for the defendant, the plaintiff was not harmed. He was not deprived of the right to have the evidence considered upon the material issues of fact. The judge did consider the evidence and made findings which supported and required the general finding for the defendant. The result of the case did not depend upon the ruling that was given and the ruling implied thereby. See *Strong* v. *Haverhill Electric Co.* 299 Mass. 455; *Marquis* v. *Messier*, 303 Mass. 553, 555–556; *Ajax Shoe & Leather Co.* v. *Selig*, 305 Mass. 389, 391; *Wilson* v. *Birkenbush*, 305 Mass. 173, 175; *Perry* v. *Hanover*, *ante*, 167. Compare *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 603–605.

It follows that judgment is to be entered on the finding for the defendant.

*So ordered.*