ANTONIS STAKELIEUNIAS *vs.* HELEN SENUTA.

Middlesex.   October 6, 1943. — October 28, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Findings by judge; Requests, rulings and instructions; Amendment.

A statement by a judge hearing an action without jury, that "on . . . [the defendant's] own admission there was a balance due the plaintiff," did not import a ruling that certain testimony by the defendant as to a balance owed the plaintiff was conclusive against the defendant as matter of law, but was merely a finding of fact that a balance was owed.

A requested ruling by the defendant in an action for money had and received, heard without a jury, that the evidence warranted a finding in his favor, although correct on the evidence, was rendered immaterial by a special finding of fact by the judge that there was a balance owed the plaintiff by the defendant; and the refusal of the request was not error.

No error appeared in permitting the plaintiff in an action for money had and received, after a finding in his favor for an amount larger than that claimed in the declaration, to amend the declaration so as to set forth a claim for such larger amount; the allowance of the amendment imported a finding, warranted on the record, that the issue of the defendant's liability for such larger amount had been fully and fairly tried.

CONTRACT.   Writ in the District Court of Lowell dated August 13, 1941.

The case was heard by *Eno,* J.

*F. C. Zacharer,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

FIELD, C.J.   This action of contract was brought in a District Court.   The original declaration was for money had and received to the amount of $875.19.   The defendant answered general denial, payment and statute of limitations.   The judge denied four requests for rulings made by the defendant, and made a finding for the plaintiff in the amount of $1,443.22.   After this finding was made the plaintiff moved to amend the declaration so as to be a declaration for money had and received to the amount of $1,443.22 according to an account annexed, and the motion

was allowed. The denial of the four requests for rulings and the allowance of the motion to amend the declaration were reported to the Appellate Division. The report was dismissed and the defendant appealed to this court.

There was evidence at the trial that the plaintiff was the owner of certain parcels of real estate in Lowell, that the plaintiff made an arrangement with the defendant to collect the rents thereon, and that the defendant collected such rents from October 29, 1932, to May 10, 1941. The controversy involved in the present case relates to the amount, if any, due from the defendant to the plaintiff by reason of such collection of rents and matters connected therewith.

There was evidence that the defendant on May 10, 1941, turned over to the plaintiff two bank books with deposits aggregating $525.56. As to this payment there appears to be no controversy. Both the evidence for the plaintiff and the evidence for the defendant assume that this payment was made.

The evidence "for" the plaintiff showed that the "total net rents received by the defendant" amounted to $8,624, and there was evidence that "the plaintiff advanced to the defendant the sum of $310 for taxes," making an aggregate amount of $8,934. There was also "evidence from the plaintiff showing that the defendant paid out a total of $7,490.78, which amount includes the $525.56, for interest, principal, taxes, water and repairs, leaving a total net due the plaintiff of $1,443.22." The judge found for the plaintiff in this amount of $1,443.22.

The evidence "for" the defendant showed that she collected "a total net of rents" of $8,166.25. The evidence "for" the defendant with respect to the amounts expended by her appears to be somewhat inconsistent. In one place in the report it is stated with respect to the "total net of rents collected," amounting to $8,166.25, that the defendant "expended all on the buildings for repairs, taxes, interest, mortgages, etc., excepting the $525.56 which she turned over to the plaintiff on May 10, 1941, leaving a balance of $30 which she claimed she owed the plaintiff and which she

offered to the plaintiff but which he refused to accept and so she left it with her attorney." In another place in the report it is stated that there was "evidence for the defendant that she paid for interest, principal, etc., $7,494.29, which amount also includes the $525.56, leaving a net amount due plaintiff of $671.96, which amount defendant claimed she expended for repairs for which she had no receipts, having sent them to the plaintiff, which the plaintiff denied ever receiving."

The defendant expressly waives her requests for rulings numbered 1 and 4 respectively. She contends, however, that the denial of her requests for rulings numbered 2 and 3 respectively was error. The judge in denying the defendant's requests for rulings stated: "Defendant's requests are denied because on her own admission there was a balance due the plaintiff." The defendant's request numbered 2 was a request for a ruling that the "evidence is sufficient to warrant a finding for the defendant." This requested ruling was a correct statement of the law on the evidence unless there was evidence binding on the defendant that she owed something to the plaintiff. In one place in the report it is stated that the defendant "claimed" that she "owed the plaintiff" "a balance of $30." We interpret this statement to mean that the defendant so testified. She was bound by this testimony unless there was other evidence more favorable to her. There is no such evidence, except as it is shown by the statement in the report with respect to an amount of $671.96 shown by evidence for the defendant to be the "net amount due plaintiff," after deducting certain described payments, that this "amount defendant claimed she expended for repairs." We interpret this statement to mean that the defendant testified that she expended this amount for repairs. But even if the latter testimony warranted a finding, contrary to the defendant's testimony that she "owed the plaintiff" "a balance of $30," the judge, as appears from his statement of his reason for denying the defendant's requests for rulings, accepted as true the testimony of the defendant that she owed a "balance" to the plaintiff, and so found, although he did not accept as true her testimony as to the amount of such

balance. In substance, the judge made a special finding to this effect warranted by the evidence even if not required by it. The use by the judge of the word "admission" in his statement of his reason for denying the defendant's requests does not preclude the conclusion here reached. The use of this word does not import that the judge ruled that as matter of law the testimony of the defendant that she "owed the plaintiff" "a balance of $30" was conclusive against her. This special finding of the judge rendered immaterial the ruling requested by the defendant's request numbered 2, and consequently it was not error to deny this request. See *Perry* v. *Hanover, ante,* 167, 173–177, and cases cited.

The defendant's request numbered 3 involved, with other matters, a request for a ruling that the "evidence is sufficient to warrant a finding . . . that the defendant paid over to the plaintiff whatever balances were on hand, if any." For the reason already stated with respect to the defendant's request numbered 2, it was not error to deny this request.

There was no error in allowing the amendment to the declaration. The allowance of this amendment was well within the established principle permitting amendments to pleadings after a case has been fully and fairly tried "for the purpose of making the pleadings conform to the proof and avoiding a new trial when the issues raised by the amendments have been fully tried." *Drury* v. *Hartigan,* 312 Mass. 527, 529. The allowance of the amendment implied a finding — which we cannot say was unwarranted — that the case was fully and fairly tried. *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 354–355.

*Order dismissing report affirmed.*