PHILEAS A. BRODEUR *vs.* NICHOLAS A. SEYMOUR.

Middlesex.    November 5, 1941. — February 28, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Findings by judge; Appellate Division: appeal. *Error,* Whether error harmful. *Negligence,* Automobile service station, Contributory.

Evidence would have warranted a finding that an attendant at an automobile service station was negligent when, without warning the plaintiff, he raised an automobile on a hydraulic lift while the plaintiff was standing on the running board intent on cleaning the windshield; and did not require a ruling that the plaintiff was guilty of negligence contributing to injuries sustained when he fell to the floor upon stepping off the running board without having noticed that the automobile had been raised.

A report by a judge of a District Court of the trial of an action for personal injuries, which contained a lengthy and painstaking analysis of facts followed by special numbered findings on points deemed important, including findings that the defendant's employee was not negligent and that the plaintiff's own negligence contributed to his injuries, and by ultimate conclusions to the same effect, each using the words, "I find," each expressly stated to be on "all the evidence," and each entirely consistent with the preceding subsidiary findings, and by a general finding for the defendant, showed that the judge reached his findings upon a consideration of all the evidence and intended that they should stand by themselves regardless of his rulings of law, and that he was not influenced in making the findings by errors of law in granting requests for rulings as to there not being sufficient evidence to warrant a finding for the plaintiff.

TORT. Writ in the District Court of Marlborough dated March 30, 1938.

The case was heard by *Temple,* J., who found for the defendant. A report was ordered dismissed by the Appellate Division for the Northern District, and the plaintiff appealed.

*D. J. Triggs,* (*J. D. O'Connell* with him,) for the plaintiff.
*J. A. Bradley,* for the defendant.

QUA, J. On June 5, 1937, the plaintiff drove his automobile into the defendant's filling and greasing station in

Marlborough to have the springs greased. At the request of the defendant's attendant, the plaintiff drove the automobile upon a hydraulic lift which was then at the level of the floor. The attendant, to the knowledge of the plaintiff, then left for a few minutes to serve a "gas customer" outside, and in the meantime the plaintiff stood upon the running board of his automobile, cleaning the windshield. Upon the attendant's return, he saw the plaintiff and said something to the plaintiff by which he may have intended to ask the plaintiff whether he was going to ride up with the lift, but which the plaintiff may have understood as asking him whether he was going to take a ride in his automobile. The attendant then started the mechanism by which the lift was raised. The lift moved slowly. The plaintiff, apparently still engaged in cleaning his automobile, did not become aware that the lift had gone up and stepped off the running board when the automobile had been lifted about three and one half feet. He was injured by the resulting fall to the floor.

It is unnecessary to state further details of the evidence. Taking all of it together, whether the plaintiff was negligent in stepping off the running board, as he did, into a danger that was obvious if he looked about him was a question of fact to be decided by the trier of fact. Compare *O'Brien* v. *Standard Oil Co. of Kentucky*, 38 Fed. (2d) 808. We are also inclined to the opinion that whether the defendant's attendant was negligent in raising the lift, thereby creating a new risk, while, as he could see, the plaintiff's attention was directed to the cleaning of his automobile, and after the plaintiff had been caused to believe that there would be some delay in waiting upon him, without giving him adequate warning, was a question of fact. *Hartwick* v. *Lawson*, 290 Mich. 91.

The judge made careful detailed findings of fact, covering several pages of the record, after which he appended seven numbered paragraphs in the nature of more general conclusions, all preceded by the words, "I find." Among these are findings that the defendant's attendant was not negligent, and that the plaintiff's own negligence contributed to cause his injuries. At the end the judge says, "On all the

evidence, I find the plaintiff to have been negligent, and his negligence contributed to the injuries which he received" and "On all the evidence, I find the defendant's attendant to have been in the exercise of due care." He then found generally for the defendant.

The findings that the defendant's attendant was not negligent and that the plaintiff was contributorily negligent, if they are merely findings of fact and not the result of erroneous rulings of law, are of course decisive of the case and end the discussion. The principal question is whether the manner in which the judge dealt with certain of the requests for rulings indicates that his decisive findings were the result of erroneous views of the law, or whether the findings were bare conclusions of fact which he would have reached upon the evidence whatever way he had ruled upon the requests. To illustrate: take the defendant's request numbered 2, "There is not sufficient evidence of negligence on the part of the defendant to warrant a finding for the plaintiff." The judge granted this. As already indicated, we think that there was sufficient evidence of the defendant's negligence to warrant a finding for the plaintiff, and that the ruling was wrong. There was also evidence to warrant a finding for the defendant on this issue. Now did the judge make his finding that the defendant (acting through his attendant) was not negligent *because of* the judge's belief, shown by his ruling, that the evidence would not as matter of law warrant a contrary finding, or did he intend to make a finding of fact *independent of his ruling*, on the theory that the question might be open to him as a question of fact, as we think it was, and in order that an appellate court could have recourse to the finding, if his ruling should prove wrong? And if he intended that the case might thus rest upon a finding of fact, why did he grant the request for the ruling of law at all, since the only possible effect of granting it was to introduce doubt as to whether his finding of fact should stand? We have commented upon this situation before. *United States Fidelity & Guaranty Co.* v. *Sheehan*, 308 Mass. 321, 323–324.

The frequency with which questions like this have cropped up in this court in the last few years in reviewing

trials before a judge without a jury suggests that trial judges in cases tried without juries should make it perfectly plain when findings are unaffected by rulings and are intended to stand as findings of fact even if the rulings of law are erroneous. *Cournoyer* v. *Holyoke,* 314 Mass. 604, 605. *Liberatore* v. *Framingham, post,* 538. The decisions in these cases have a technical flavor, which, however, cannot be avoided in this court, since requests for rulings are the only certain means by which a party can secure a separation of law from fact in cases tried without a jury, and it is only by dealing with the requests with considerable strictness that this court can, in this class of cases, preserve and exercise its function of seeing to it that decisions of the trial courts are made according to law. A clear separation of law and fact in the trial courts will prove most helpful.

But on the record in the case before us, in view of the painstaking analysis of the facts by the judge, followed by special numbered findings on points deemed important, and finally in view of the ultimate conclusions, each using the words, "I find," each expressly stated to be upon "all the evidence," and each entirely consistent with the preceding subsidiary findings, we are convinced that the judge intended these findings to stand by themselves and that he was not influenced in making them by the manner in which he had dealt with the requests for rulings. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. *Marquis* v. *Messier,* 303 Mass. 553, 555–556. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446. *Ajax Shoe & Leather Co.* v. *Selig,* 305 Mass. 389, 391–392. *United States Fidelity & Guaranty Co.* v. *Sheehan,* 308 Mass. 321, 323–324. *Perry* v. *Hanover,* 314 Mass. 167, 173–176. *Lyons* v. *Hennessey,* 314 Mass. 359, 363. *Rummel* v. *Peters,* 314 Mass. 504, 517–518. *Cournoyer* v. *Holyoke,* 314 Mass. 604. *Stakelieunias* v. *Senuta,* 314 Mass. 657. Compare *Bresnick* v. *Heath,* 292 Mass. 293, 298–299; *Home Savings Bank* v. *Savransky,* 307 Mass. 601; *Bern* v. *Boston Consolidated Gas Co.* 310 Mass. 651, 653–654; *Mansfield* v. *Spear,* 313 Mass. 685. *Hoffman* v. *Chelsea, ante,* 54.

The judge passed upon various requests of both parties in addition to the one which we have taken for illustration. It is unnecessary to decide whether he dealt correctly with them, or even to state them, since the findings, which we think were not affected by the rulings, required the ultimate finding for the defendant.

*Order dismissing report affirmed.*