L. GROSSMAN SONS, INC. *vs.* MARTHA E. RUDDERHAM.

Plymouth. May 7, 1946. — June 5, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Bills and Notes*, Attested note. *Practice, Civil*, Requests, rulings and instructions; Appellate Division: appeal. *Error*, Whether error harmful.

It was error for a judge, hearing an action by the payee against the maker on a promissory note which bore a signature purporting to be that of a witness, to refuse a ruling, requested by the defendant, that "there is sufficient evidence to warrant the court to make a finding for the defendant," where there was testimony of the defendant and his father that they never knew the alleged witness and that he had nothing to do with the execution of the note; and findings by the judge merely "that after" the execution of the note "at no time had it been materially altered" and that "it was a witnessed note" did not show the error to be harmless to the defendant on the ground that a general finding for the plaintiff was made through consideration of the issue of fact upon all the evidence and not as a result of the error.

CONTRACT. Writ in the Second District Court of Plymouth dated September 16, 1944.

The case was heard by *Shea*, J. He found for the plaintiff, and that "on the law and the evidence . . . the defendant for valuable consideration executed and delivered the note declared on; that it was a witnessed note; that it has never been paid in whole or in part; that after its execution at no time had it been materially altered."

*E. H. Chayet*, for the defendant.

*J. J. Milchen*, for the plaintiff, submitted a brief.

LUMMUS, J. The plaintiff, the payee of a promissory note, obtained a finding in an action against the maker, and the Appellate Division dismissed a report. The note

bore the signature as an attesting witness of one Palmer, a former employee of the plaintiff corporation, who died long before the trial. The defence was that the note was altered after its execution by the unauthorized addition of the signature of Palmer as a witness. *Mindell* v. *Goldman,* 309 Mass. 472, 474.

The fact that Palmer undertook to sign as an attesting witness warranted the inference that he did so regularly and properly with the knowledge of the defendant after she had signed or acknowledged the note in his presence. *Leatherbee* v. *Leatherbee,* 247 Mass. 138. See also *Swazey* v. *Allen,* 115 Mass. 594; *Phillips* v. *Vorenberg,* 259 Mass. 46, 68; *Alpert* v. *Radner,* 293 Mass. 109, 112; *Barletta* v. *New York, New Haven & Hartford Railroad,* 297 Mass. 275, 277; *Moroni* v. *Brawders,* 317 Mass. 48, 55, 56; *Epstein* v. *Boston Housing Authority,* 317 Mass. 297, 301. Other evidence tended to support such an inference.

But the contrary conclusion was equally warranted upon the direct testimony of the defendant and her father that they never knew Palmer and that he had nothing to do with the execution of the note. The conflicting evidence presented a question of fact which the trial judge could decide either way. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508.

It was, therefore, plainly erroneous for the trial judge to refuse the ruling requested by the defendant that "there is sufficient evidence to warrant the court to make a finding for the defendant." That refusal implied an erroneous ruling that the law required a finding for the plaintiff.

Requests of this sort, for a ruling that the evidence warrants a finding in favor of the party making the request, were first recognized as logically proper in *Bresnick* v. *Heath,* 292 Mass. 293, decided in 1935, and at once came into common use. Ever since they have caused inexplicable confusion in many minds. Careful and repeated exposition has not availed to prevent blunders in dealing with them. *United States Fidelity & Guaranty Co.* v. *Sheehan,* 308 Mass. 321, 323, 324. *Dangelo* v. *Farina,* 310 Mass. 758. *Rummel* v. *Peters,* 314 Mass. 504, 517, 518. *Hoffman* v. *Chelsea,* 315

Mass. 54.  *Liberatore* v. *Framingham,* 315 Mass. 538, 541, 542.  The trap set by such a request is perilous to the unwary but easy to avoid.

Sometimes an error in denying such a request has been rendered harmless by the fact that the judge failed to act upon his own ruling, but considered the question of fact upon all the evidence and arrived at a conclusion independently of his erroneous ruling.  *Perry* v. *Hanover,* 314 Mass. 167.  *Lyons* v. *Hennessey,* 314 Mass. 359.  *Rummel* v. *Peters,* 314 Mass. 504, 518.  *Cournoyer* v. *Holyoke,* 314 Mass. 604.  *Brodeur* v. *Seymour,* 315 Mass. 527.  *Liberatore* v. *Framingham,* 315 Mass. 538.  *Quinby* v. *Boston & Maine Railroad,* 318 Mass. 438, 446.  In the present case the Appellate Division thought the error harmless under this principle.  But we think it not clear that the general finding for the plaintiff was not affected by the erroneous ruling that the plaintiff was entitled to recover as matter of law.

*Order dismissing report reversed.*
*New trial ordered.*