Rowe, J.
This is an action of contract in which the plaintiff seeks to recover a claimed balance due on a promissory note executed by the defendant in 1930 and payable to the plaintiff. The trial judge found for the plaintiff. The defendant among other contentions, claims to be aggrieved by the refusal of the court to grant her first request for *11 ruling of law. We think the request, should have been granted.
The only issue of fact now material is whether the defendant made a partial payment on an outlawed note within six years of the bringing of the instant action, thus bringing the payment within the period of the statute of limitations, which was pleaded. The plaintiff’s deposition said that such payment had been made but the defendant testified that no such payment had been made.
(1) The defendant’s first request read as follows: “ (1) The evidence warrants a finding for the defendant.” The judge ruled: ‘1 Denied Buie 27. ’ ’
Although the plaintiff’s deposition showed that a payment had been made within the period of the statute of limitations, the defendant testified that no such payment had been made. When the defendant so testified, there was created a distinct issue of fact. The defendant was entitled to have that question of fact weighed as such by the trial judge. If the trial judge so found as she testified as a result of giving consideration to this testimony of the defendant, the plaintiff would have had no case. The mind of the trial judge ‘ ‘ ought always to be open to the truth and susceptible to every influence flowing from the evidence.” Preston v. Peck, 271 Mass. 159, 164.
The judge, in his ruling, gave as his reason therefor, that the request did not comply with Buie 27 of the Buies of the District Courts. That rule requiring specifications relative to requests “upon all the evidence” does not apply to the instant case. Here the request asked for a ruling that evidence did exist which might have led to a certain conclusion upon a decisive issue in the case.
There have been cases where a judge has given a wrong reason but made a right decision in which it has been held that no error was committed. But in the case at bar the trial judge not only gave a wrong reason, but also made a wrong decision.
*12 (2) The plaintiff’s ultimate argument is that if error has been committed, that such error has been cured by a definite finding of fact that a payment had been made within a period of the statute of limitations.
The body of the report in its recital of facts states: ‘ ‘ The court found the following facts: . . . Subsequently the defendant moved to Brookline in 1941. Prior to her coming here she made the first two payments. She made the third payment on January 21,. 1943. The total payments were $92. ’ ’ Further on in the Report under the caption of ‘ ‘ Finding of Fact” appears the following: “The evidence is that payments were made as follows: 1939......$10.00; August 10, 1940......$25.00; January 21, 1943......$37.00 Total — $92.00.”
“The three payments made after the statute of limitations was sufficient to take the note out of the statute of limitations.” (Since the docket entries in the case show that the writ was entered on Jan. 15, 1949, only one of these three payments could have been made within the period provided for by the statute of limitations.)
There was error in the findings that all three payments had been made within the time provided for by the statute of limitations; either an error of fact as to the date of payments or error of law as to the period provided for by the statute of limitations.
Since the decision of Bresnick v. Heath, 292 Mass. 293, several cases have come before the courts as to whether findings or rulings should be considered as governing the case. These cases have been decided one way or the other dependant upon the particular facts in each case.
In the case at bar the cumulative effect of all three payments having been made within the period allowed by the statute of limitations, as was erroneously found by the trial judge, may have caused him to conclude that liability on the outlawed note had been revived thereby.
*13 In Home Savings Bank v. Savrensky, 307 Mass. 601, 603, it is stated: “The second request, that the evidence warranted a finding for the defendant, was proper. It was error to deny it, unless, as matter of law, it was inapplicable, or unless that judge, by clear and definite findings has demonstrated that it was inapplicable or immaterial because of the findings.”
In Brodeur v. Seymour, 315 Mass. 527, 524 it is stated: “The frequency with which questions like this have cropped up in this court in the last few years in reviewing trials before a judge without a jury suggests that trial judges in cases tried without juries should make it perfectly plain when findings are unaffected by rulings and are intended to stand as findings of fact even if the rulings of law are erroneous . . . .” But on the record in the case before us, in view of the painstaking analysis of the facts by the judge, the finding was allowed to stand (see cases there collected).
In the case at bar the judge denied consideration of the defendant’s request on its merits because he erroneously ruled that it was not in proper form and made a general finding for the plaintiff after he had erroneously stated that three instead of only one payment could on the record have been made within the period allowed by the statute of limitations.
In view of the painstaking findings spoken of in the citations quoted from above, we are of the opinion that the opening portion of the last sentence in the opinion of a case which was appealed from this Division, applies to the present case. “But we think it not clear that the general finding for the plaintiff was not affected by the erroneous ruling.” Grossman v. Rudderhan, 319 Mass. 698, 700.
There was prejudicial error in denying the defendant’s first request for ruling. New trial ordered.