*Northern District*
No. 4637
**WILLIAM B. PARLEE, d/b/a**
**PARLEE HOME SPECIALTIES CO.**
v.
**THOMAS L. SPELMAN**
April 15, 1953

*Eno, J.* This is an action for breach of contract. The answer contained a general denial and allegations that the defendants intended to contract with another party rather than the plaintiff, that there was a condition precedent which has not occurred; that the contract was entered into as a consequence of false and fraudulent representations; and that the defendants were ignorant of the truthfulness of said representations and entered into said agreement in sole reliance thereon.

The facts may be summarized as follows: The male defendant had contacted several dealers with reference to the installation of aluminum windows for his home. One of these men was a Crocker Company. Thereafter a Mr. Cause appeared and said he came in response to a call made to said Crocker Company, and that that company sold directly to the consumer thereby cutting middleman's commission. The defendants were shown houses in the neighborhood where some Crocker windows had been installed. Returning to the defendants' home discussion followed regarding prices and Mr. Cause prepared a written contract which he asked defendants to sign. This contract was admitted in evidence as Exhibit A and a photostatic copy thereof was submitted to this division.

Before signing, the male defndant inquired as to the reasons why the name of "Parlee Home Specialties Company" appeared in the contract instead of that of the "Crocker Company," because "he thought he was doing business with the Crocker Company."

To this Mr. Cause replied that "all the paper work had to go through the Parlee Company."

The male defendant then signed the contract, and afterwards said he would be unable to pay until he secured a construction loan from the Arlington Five Cents Savings Bank. Mr. Cause then wrote on the upper left corner of the contract "Mr. Clark, Vice-Pres. ARL Five Cents."

About a week later, while the male defendant was absent, installers appeared at his home, but they were prevented from installing the material by the female defendant, who told the installers that her husband had not yet obtained a loan from the bank and that he was not in a position to pay for the work, and that nothing would be accepted until it was obtained. About a week later the male defendant cancelled the order by a letter to the plaintiff by registered mail.

Up to the time of trial no loan had as yet been granted. There was also evidence that the Crocker Company and plaintiff are two different companies and that Mr. Cause worked only for the plaintiff.

The defendant filed the following requests for rulings, which were disposed of by the trial judge as indicated:

1.   On all the law and evidence to warrant a finding for the defendants.  *'Denied.'*

2.   There is sufficient evidence to warrant a finding for the defendants. *'There may be, but I do not so find.  I find for the plaintiff on the evidence.'*

3.   Where a contract is dependent on the happening of a certain event, there can be no effective contract until the happening of that certain event.  *'This contract was not dependent on the happening of a certain event — I find that it was a good and valid contract made in good faith.'*

4.   The contract in question does not ripen into an effective contract, until the Arlington Five Cent Savings Bank approves a construction loan

for the defendants. *I find that there was no mention of any bank prior to the signing except as reference.'*

5. The defendant has the right to deal with whom he so desires and cannot have another person thrust upon him without his consent. *'Granted.'*

6. The defendant may introduce evidence that the contract in question would become effective only on the taking place of a certain event. *'I disbelieve any evidence of such a cintingency and find for the plaintiff who entered into the contract in good faith with no such contingency as alleged by the defendant.'*

7. The defendant may show that the contract in question would become effective only when his construction loan was granted him by the bank in question and this does not violate the parole evidence rules. *'Prior to the signing of the contract between the plaintiff and the defendants, there was not a word said about any construction — the plaintiff's testimony to the contrary notwithstanding. I so find. I find that there clearly is a breach of contract herein referred to to the damage of the plaintiff as set forth in the finding attached to the proceedings herein.'*

There was a finding for the plaintiff in the sum of $195.00. Only the male defendant, Thomas L. Spelman, claims to be aggrieved by the rulings, although the finding appears to have been made against both defendants. It does not appear anywhere in the report that the wife is a party to this appeal. According to the report the wife did not sign the contract on which this action is based. It is difficult to see, therefore, how a finding could be made against her. At any rate the defendant made no issue of this error and since she did not claim a report, that issue is not before us, and we deal only with the husband's case. He claims that the trial judge made a prejudicial error in the denial of request numbered 2, and argued that by the denial of this request the trial judge found for

the plaintiff as a matter of law.

We do not think so. While the judge might have been more explicit in his findings of facts, we interpret his disposition of this request in connection with his other findings that he found for the plaintiff on the evidence, although there was evidence from which he could have found for the defendant. *Brodeur v. Seymour*, 315 Mass. 527, 530-531.

There being no prejudicial error in the denial of defendants' second request the report is to be dismissed as to the defendant, Thomas L. Spelman.

Attorney for Plaintiff, Michael DeMarco
Attorney for Defendant, Norman P. Member.