ALBERT DiGESSE vs. COLUMBIA PONTIAC CO., INC.
& another.[1]

Suffolk.  October 8, 1975. — November 12, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Practice, Civil,* Requests, rulings and instructions.  *Negligence,* Motor
vehicle.

Findings of facts by a judge hearing without jury an action arising
out of an automobile accident "that there was no evidence of
negligence on the part of defendant[s] and moreover there was
evidence that plaintiff was not free of fault" indicated that the
ultimate decision for the defendants was based on such findings
and not on any alleged error in denying requests for rulings of
law.  [100-102]

Review of decisions in civil cases pertaining to the manner in which
requests for rulings that the evidence warranted a certain finding
as matter of law should be handled by a judge sitting without jury.
[102-105]

TORT.   Writ in the Municipal Court of the Roxbury
District dated January 6, 1971.

The action was heard by *Banks,* J.

*Edmund M. Pitts* for the plaintiff.

*Edward J. Barshak* for the defendants.

QUIRICO, J.   This is an action of tort in which the
plaintiff seeks recovery for personal injuries allegedly
caused him on November 26, 1969, by the alleged negli-
gent operation of a truck owned by the corporate de-
fendant and operated by its employee, the individual
defendant, in the course of his employment.   The case
was tried in the Municipal Court of the Roxbury District
on May 8, 1973, and resulted in findings in favor of both

---

[1] Kenneth Valencia.

defendants. The plaintiff claimed a report to the Appellate Division of the District Courts, Northern District, alleging error in the trial judge's denial of three requests for rulings of law. On February 14, 1975, the Appellate Division upheld the rulings and decision of the trial judge and ordered the report dismissed. The case is before us on the plaintiff's appeal from the decision and order of the Appellate Division. We hold that there was no error.

The three rulings requested by the plaintiff were the following: "1. The evidence warrants a finding as a matter of law that the [individual] defendant . . . was negligent in passing too close to the vehicle upon which the plaintiff was working. . . . 2. The evidence warrants a finding for the plaintiff as a matter of law against both defendants. 3. The evidence warrants a finding as a matter of law that the [individual] defendant['s] . . . negligence was the proximate cause of the injuries suffered by the plaintiff . . . ." The judge's ruling on each of the three requests was as follows: "Denied — As the court finds the defendant not negligent as a matter of fact, these requests are immaterial." The plaintiff filed six additional requests for rulings relating to the testimony of a medical witness. The judge's ruling on each of those requests was: "Denied — As the court finds the defendant not negligent, and the plaintiff, moreover, not free of negligence, these requests are immaterial."

In summary, the two grounds stated by the judge for his denial of all of the plaintiff's requests for rulings are that he found as fact (1) that the defendant (presumably the individual defendant) was not negligent with the result that the corporate defendant was likewise not negligent, and (2) that the plaintiff was guilty of contributory negligence. Either of these two findings is sufficient to bar recovery by the plaintiff.[2]

---

[2] The accident in this case occurred on November 26, 1969, and it is therefore not governed by the comparative negligence doctrine now found in G. L. c. 231, § 85, as amended. That doctrine was first

The plaintiff's claim of error in this case arises from the fact that the judge, in addition to his rulings and statement of reasons therefor which are quoted above, entered on the record his "FINDING OF FACTS" which is reproduced in the margin.[3] and which concludes with the statement "that there was no evidence of negligence on the part of defendant and moreover there was evidence that plaintiff was not free of fault." The plaintiff contends that there was evidence of negligence on the part of the defendant and that it was therefore error to deny his first three requests.[4]

We do not agree with the plaintiff's contention. We believe that the judge's several rulings and findings, when considered in their entirety, indicate that his ultimate decision in favor of the defendants "was not due to the application of incorrect principles of law" (*Gustafson* v. *Metropolitan Transit Authority*, 333 Mass. 769, 770 [1956]), but rather it was based on his subsidiary findings of fact that the defendants were not negligent and that the plaintiff was guilty of contributory negligence. *Russell* v. *First Nat'l Stores, Inc.*, 335 Mass. 768 (1957). *Horton* v. *Tilton*, 325 Mass. 79 (1949). *Con-*

---

inserted in § 85 by St. 1969, c. 761, § 1, and by § 2 of the latter statute it applied only to causes of action arising on or after January 1, 1971. For a subsequent amendment, see St. 1973, c. 1123, § 1.

[3] "FINDING OF FACTS. The court finds that the Plaintiff was standing on the running-board of a truck which projected into a public way upon which there was vehicular traffic; that the plaintiff had caused the door of the truck to be partially opened, projecting still further into the public way the mirror attached to the door; that the movements of plaintiff's body or legs in the position he had assumed would result in the movement of the mirror; that the sole point of contact between the two vehicles involved were their respective mirrors and; that there was no evidence of negligence on the part of defendant and moreover there was evidence that plaintiff was not free of fault."

[4] The plaintiff's principal argument on this point consists of the quotation of the entire dissenting opinion of one of the three judges of the Appellate Division.

*nell* v. *Maynard,* 322 Mass. 245, 246 (1948). *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 446, 447-449 (1940). *Strong* v. *Haverhill Elec. Co.* 299 Mass. 455 (1938).

Requests for rulings of law of the kind involved in this case have been the subject of frequent appeals to this court over a long period of years and despite repeated discussions of the subject in many opinions, they still appear to be a source of difficulty and to present occasions for alleged error on the part of some trial judges, particularly the less experienced judges. A review of our decisions and a repetition of some of our statements on this subject may therefore be appropriate.

In *Bresnick* v. *Heath,* 292 Mass. 293 (1935), the plaintiff requested the following ruling (at 296): "7. There is evidence to warrant the court to find for the plaintiff." On the plaintiff's appeal from the denial of the request, we said (at 298, citations omitted): "The denial of request 7 involved a ruling as matter of law that there was no evidence to warrant recovery by the plaintiff. It was equivalent to a ruling as matter of law either that the defendant was not negligent or that the sole cause of damage to the plaintiff was the negligence of the bailee of his automobile. The request was not a request that as matter of law the plaintiff was entitled to recover. The denial of this request was error. The record is not fairly susceptible of the construction that this request was denied because rendered immaterial by findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts. . . . That course was not pursued. It cannot be said that this was harmless error. . . . The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that

ruling or to a statement of findings of facts showing that the requested ruling had become irrelevant."

In *Rummel* v. *Peters*, 314 Mass. 504, 517-518 (1943), we said: "It has been settled since *Bresnick* v. *Heath*, 292 Mass. 293, 298 [1935], that in a case tried without jury the party having the burden of proof is entitled on request to a ruling that the evidence warrants a finding that the burden has been sustained, if that is true. Only in that way can he make sure that a decision against him is not based upon the erroneous ground that on the evidence there is nothing for the fact-finding tribunal to consider. Failure to give such a ruling on request is equivalent to, and implies, a ruling that as matter of law such a finding cannot be made. A decision against that party will be deemed on appeal the result of such ruling of law, and not the result of a consideration of the question of fact, unless the contrary is demonstrated by specific findings of fact as distinguished from a mere assertion that unstated findings make the requested ruling immaterial. Consequently, if such ruling was erroneous, and its immateriality is not so demonstrated, the decision will be reversed on appeal, for such party has been harmed by being deprived of his right to have the evidence considered on the question of fact."

On February 28, 1944, this court handed down two decisions dealing with requests for rulings such as those now before us. In the first such case, *Brodeur* v. *Seymour*, 315 Mass. 527 (1944), we said (at 529-530, citations omitted): "The frequency with which questions like this have cropped up in this court in the last few years in reviewing trials before a judge without a jury suggests that trial judges in cases tried without juries should make it perfectly plain when findings are unaffected by rulings and are intended to stand as findings of fact even if the rulings of law are erroneous. . . . The decisions in these cases have a technical flavor, which, however, cannot be avoided in this court, since requests for rulings are the only certain means by which a party can secure a separa-

tion of law from fact in cases tried without a jury, and it is only by dealing with the requests with considerable strictness that this court can, in this class of cases, preserve and exercise its function of seeing to it that decisions of the trial courts are made according to law. A clear separation of law and fact in the trial courts will prove most helpful."

In the second case, *Liberatore v. Framingham*, 315 Mass. 538 (1944), we said (at 541-542, citations omitted): "[T]he requested rulings in the actions against Bolieau . . . were in substance that the evidence warranted a finding that he was negligent. Even if that was true, the requested rulings were made immaterial by the finding, apparently made after consideration of all the evidence, that negligence of Bolieau was not proved. But we repeat what has been said often enough to bring it home to all judges who sit without jury, that where a judge in making his decision does consider all the evidence, and his decision does not result from any conviction that the evidence is insufficient as matter of law, he need not hesitate to grant such a requested ruling if he believes it to be correct, instead of raising a really moot but nevertheless dangerous question by refusing or ignoring it. . . . If in such a case, however, a judge chooses to take the opposite course of refusing the requested ruling, either expressly or impliedly by ignoring it, and decides the case against the party presenting the request, he should make such findings, stated to be findings of fact upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as matter of law to warrant a finding in favor of that party. . . . The number of troublesome and apparently unnecessary questions that continue to come to this court upon such requests indicates that judges often fail to take either course definitely and unmistakably."

Despite this court's frequent repetition of the seemingly clear and instructive statements which we have quoted above, this type of request for rulings continued to give

rise to appeals. See *London Clothes, Ltd.* v. *Maryland Cas. Co.,* 318 Mass. 692, 699 (1945), and *Norton* v. *Boston Elevated Ry.,* 317 Mass. 145, 149 (1944). In *L. Grossman Sons, Inc.* v. *Rudderham,* 319 Mass. 698 (1946), we again spoke on this subject as follows (at 699-700, citations omitted): "Requests of this sort, for a ruling that the evidence warrants a finding in favor of the party making the request, were first recognized as logically proper in *Bresnick* v. *Heath,* 292 Mass. 293, decided in 1935, and at once came into common use. Ever since they have caused inexplicable confusion in many minds. Careful and repeated exposition has not availed to prevent blunders in dealing with them. . . . *The trap set by such a request is perilous to the unwary but easy to avoid*" (emphasis supplied). That even that clear warning has failed to stem the flow of appeals of this type is obvious from a reading of the decisions in the following cases: *New England Tel. & Tel. Co.* v. *Department of Pub. Util.,* 360 Mass. 443, 457-458 (1971), *Deutsch* v. *Ormsby,* 354 Mass. 485, 487-488 (1968), *Catalucci* v. *Massachusetts Bay Transp. Authority,* 351 Mass. 360, 361-362 (1966), *Belger* v. *Arnot,* 344 Mass. 679, 680-686 (1962), *M. DeMatteo Constr. Co.* v. *Commonwealth,* 338 Mass. 568, 585 (1959), *Assessors of Pittsfield* v. *W.T. Grant Co.,* 329 Mass. 359, 361 (1952), and *Connell* v. *Maynard,* 322 Mass. 245, 246 (1948).

We recognized that in this opinion we have neither discussed nor stated any new rule of law, but instead have repeated much language contained in a number of decisions handed down by this court about a generation ago. The same language which was intended to assist judges then seems appropriate now, a generation later, because this problem with requests for rulings of law which vexed and perplexed some trial judges then continues to vex and perplex some trial judges today. Hopefully this collection in one opinion of the helpful words of guidance on this subject now contained in a number of our earlier reports may enable today's trial

judges to avoid "[t]he trap" which was described in one of our earlier decisions as "perilous to the unwary but easy to avoid." *L. Grossman Sons* v. *Rudderham,* 319 Mass. 698, 700 (1946).

The area of potential error by trial judges in dealing with the types of requests for rulings discussed in this opinion has not been eliminated by the new Massachusetts Rules of Civil Procedure, Mass. R. Civ. P. 365 Mass. 730 (1974), which took effect July 1, 1974, the District/Municipal Courts Rules of Civil Procedure which took effect July 1, 1975, or the Massachusetts Rules of Domestic Relations Procedure which also took effect July 1, 1975. The discussion applies alike to civil trials without jury in all courts notwithstanding any differences in the rules of the several courts, and particularly the differences in Rule 52 (a) in each of the three sets of rules identified above.

The order of the Appellate Division dismissing the report is affirmed.

*So ordered.*