Armand PARADIS & another[1]
vs.
A & A POOLS, INC. & another[2]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**April 28, 1980**

Nelson J. Ezen for the plaintiff.
Joseph H. Roy, Jr., for the defendant.

Present: Walsh, P.J., Mullaney & McGuane, JJ.

MULLANEY, J. This appeal arises from a complaint in which the plaintiffs sought to recover damages resulting from the alleged negligent and unworkmanlike installation of a swimming pool. The defendants denied any negligence or

[2]Hart v. Keoveney, Mass. App. Div. Adv. Sh. (1980) - 142.

[1]Margaret Paradis.
[2]Al Robidoux.

unworkmanlike performance. After trial, the court found for the plaintiffs against A & A Pools, Inc. in the amount of $2,200.00, plus interest and costs.

The defendant, A & A Pools, Inc., filed seven requests for rulings, and claims to be aggrieved by the denial of five of them. The court made no findings of fact.

It is obvious from reading the report and the briefs of the parties that considerable evidence, including expert testimony, was presented at trial. It would also appear that the evidence was contradictory. Defendant's requests sought to obtain rulings from the court on certain aspects of the evidence, plaintiff's burden of proof and other issues.

Rule 64(b) of the Dist./Mun. Cts. R. Civ. P. states in part:

"Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appear from special findings filed."

The denial of defendant's requests, without more, was error. There were no findings of fact made to render the denials immaterial. **DiGesse** v. **Columbia Pontiac Co.,** 369 Mass. 99, 102 (1975); **Bresnick** v. **Heath,** 292 Mass. 293, 298-299 (1935).

Prejudicial error having been found, judgment for the plaintiffs is vacated and the case is remanded to the Western Worcester Division of the District Court Department for a new trial.

So ordered.
J. Mullaney