Banks, J.
This is an action in contract for breach of warranty wherein the plaintiff seeks to recover for personal injuries allegedly sustained as a result of ingesting food purchased from the defendant which was alleged to be unfit for human consumption.
The plaintiff and her sister testified that at about 11:00 p.m. on July 23, 1979 they purchased a joint order of food at defendant’s restaurant and that they consumed the meal over the next half hour. The plaintiff and her sister testified that among the items ordered was a serving of chicken wings which, according to the report, both testified ‘ ‘tasted dry and sour and smelled funny.” The plaintiffs sister refrained from eating the chicken after one bite; the plaintiff, however, did eat them. The plaintiffs further evidence was that she retired to bed at 1:00 a.m. on July 24, 1979, on the night of the meal and awoke at 3:00 a.m. with a sick stomach, vomiting and diarrhea which led to her admission to Choate Memorial Hospital at 4:00 a.m. on that morning of July 24, 1979. There she *259 remained until her discharge on July 27,1979. Plaintiff entered into evidence the records of the hospital which suggested gastroenteritis as the most likely cause of the plaintiffs condition while admitting of the possibility of other causes. The plaintiffs further evidence was her testimony that in the time period preceding her attack at 3:00 a.m. on July 24,1979 she had eaten nothing since breakfast at 8:30 a.m. on July 23,1979 except the food purchased at the defendant’s restaurant nor had she eaten anything following the meal.
The trial court made a finding for the plaintiff from which the defendant has appealed citing the denial of each of the following requests for rulings of law:
1.Considering all the evidence in a light most favorable to the plaintiff there is insufficient evidence to warrant a finding that the food consumed by the plaintiff was unfit for human consumption.
2.There is insufficient evidence to warrant a finding that the plaintiffs injury is casually related to any act of negligence or breach of warranty of the defendant.
3. The mere ingestion of Chinese Food, followed by sickness within three hours is insufficient evidence to warrant a finding that the food ingested was unfit for consumption.
4. A finding for the defendant is warranted.
5. A finding for the defendant is required.
The claim of appeal must be allowed and the order vacated.
In his findings of fact, the trial judge sets forth the facts reported above and his finding of a casual relationship between the defendant’s food and the plaintiffs illness. Such a finding appears to be clearly warranted and the denial of defendant’s requests numbers (1) (2) and (5) was certainly proper. The denial of the defendant’s request number (3), however, and particularly request number (4) was error. The denial of those requests was tantamount to a determination that a finding for the plaintiff was required, there being no evidence upon which a finding for the defendant was possible. The report makes it abundantly clear that no such absolute certainty existed in this case. To cite only one example of the uncertainties in the matter, we need look no further than the medical record which cites three possible causes for the plaintiff’s illness of which gastroenteritis was merely recorded as most likely. The dangers of the ‘ ‘warranted’ ’ request have been dealt with very extensively by Mr. Justice Quirico in DeGesse v. Columbia Pontiac, et al., 369 Mass. 99, and this Court will not seek to add to that explication. Suffice it that the denial of the two requests in this matter without more leaves open the question of whether the Trial Court applied the correct law in arriving at its decision. In the DiGesse case, the findings of fact and qualified nature of the denial of certain “warranted” requests were upheld because, taken as a whole, they could be seen as not indicating an incorrect application of the law by that Trial Court. Such is not the case here and in this matter the decision of the Trial Court must be vacated and the matter hereby remanded for a new trial.

So ordered.