THOMAS B. CONNELL, JUNIOR, & another, *vs.* FORREST J. MAYNARD.

Norfolk.    December 3, 1947. — January 5, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Requests, rulings and instructions.

The denial, at the trial of an action for personal injuries sustained when a motor vehicle operated by the defendant struck the plaintiff, of a request for a ruling that "upon all the evidence, a finding for the plaintiff is warranted," disclosed no error, although there was evidence which warranted such a finding, where the request was made immaterial by a finding by the trial judge that "the manner in which the accident occurred is a matter of conjecture," and there was a finding for the defendant.

TORT. Writ in the District Court of East Norfolk dated August 28, 1946.

The action was heard by *Halloran*, J.

*S. E. Aloisi,* for the plaintiffs.

*R. F. Barrett,* for the defendant.

LUMMUS, J.  This is an action for personal injuries to a boy three and one half years old, with a count for consequential damages (*Clouatre* v. *Lees,* 321 Mass. 679), brought in a District Court because of injuries sustained by the minor plaintiff when struck on June 14, 1946, by an automobile operated by the defendant. There was evidence that the defendant, who was operating his automobile at a speed of thirty-five or forty miles an hour, about ten or twelve feet from his right hand side of the road, saw a group of children with their backs turned to him, about one hundred feet ahead, playing beside the road to his

right. He did not slow down until he felt a thud, stopped his automobile, and saw the plaintiff being picked up. The plaintiff was in the custody of an eleven year old cousin. The accident happened in the daytime, and there was nothing to obstruct the defendant's view of the children.

After dealing with ten requests for rulings presented by the plaintiffs, the judge found for the defendant. A report to the Appellate Division was dismissed, and the plaintiffs appealed.

In this court the plaintiffs argued only their first request, which was that "upon all the evidence, a finding for the plaintiffs is warranted." By so doing, they waived all their other requests. *Commonwealth* v. *Gale,* 317 Mass. 274, 276.

We assume that the evidence warranted a finding for the plaintiffs. If so, the first request of the plaintiffs, which was of the sort with which this court first became familiar in *Bresnick* v. *Heath,* 292 Mass. 293, 298, ought to have been given unless that request was made immaterial by findings upon the facts. *Perry* v. *Hanover,* 314 Mass. 167, 175, 176. *Rummel* v. *Peters,* 314 Mass. 504, 517, 518. *Liberatore* v. *Framingham,* 315 Mass. 538, 541, 542. *Lawrence* v. *O'Neill,* 317 Mass. 393, 394, 395. *L. Grossman Sons, Inc.* v. *Rudderham,* 319 Mass. 698, and cases cited. In this case the judge did make a finding of fact that rendered the requested ruling immaterial. The judge found that "the manner in which the accident occurred is a matter of conjecture." The burden was upon the plaintiffs to prove by a preponderance of the evidence that the accident was caused by negligence of the defendant. Matters that are left so doubtful that there is no preponderance either way are not proved in the legal sense. The finding of the judge was in substance that the defendant was not shown to have caused injury to the plaintiff by any negligence.

*Order dismissing report affirmed.*