*Southern District*

### JOHN FERREIRA, d/b/a
### FALMOUTH CLEANSERS OF FALMOUTH
### v.
### GEORGE CHURNICK

*Sgarzi, J.* The plaintiff brought this action of contract to recover the sum of $209.58 for cleansing services rendered to the defendant. The defendant's

answer was general denial, plea of payment and accord and satisfaction.

The evidence introduced by the plaintiff tended to show that the defendant and two other individuals were engaged in business as co-partners under the firm name of Cape Cod Tailors and that during the period from July 1951 to the date of the writ the plaintiff had furnished cleansing services to the defendant for which he had made a charge of $392.58. From this amount the plaintiff had deducted a credit of $100.00 for a sum paid on account and another credit of $83.00, leaving a balance of $209.58.

The evidence introduced by the defendant tended to show that the plaintiff did not furnish him with any cleansing services, that the defendant was not in business but was employed by his father, and that at one time the plaintiff had brought suit for the same claim against the defendant's father.

At the close of the evidence the defendant made the following requests for rulings:

1. The plaintiff must prove every material allegation necessary to maintain his case by a fair preponderance of the credible evidence.

2. There is evidence upon which the Court can base a finding for the defendant.

3. There is evidence upon which the Court can base a finding that the plaintiff has been paid in full.

4. There is evidence upon which the Court can base a finding that there has been an accord and satisfaction.

The Court allowed the first request and denied the second, third, and fourth "as insufficient credible evidence introduced."

The Court made the following findings of fact:

"Plaintiff was doing business as Falmouth Cleansers of Falmouth with a shop in the town of Falmouth and the Defendant was doing business as Cape Cod Tailors. I find the work was actually performed at the request of the defenndant and that the plaintiff has not been paid therefor. I find there was no credible evidence of an accord and satisfaction."

The defendant claims to be aggrieved by the refusal to grant his requests numbered 2, 3, and 4.

These requests in effect seek rulings that the evidence does not require a finding for the plaintiff. *Hoffman v. Chelsea*, 315 Mass. 54. Requests such as these should be given unless a finding for the requesting party cannot be made as matter of law or unless the rulings are rendered immaterial by special findings of fact. *Bresnick v. Heath*, 292 Mass. 293; *Strong v. Haverhill Electric Co.*, 299 Mass. 455; *Connell v. Maynard*, 322 Mass. 245.

While the evidence in this case did not require a finding for the plaintiff it was sufficient to support the findings of the Court and in view of these findings the requested rulings were rendered immaterial.

*Report Dismissed.*