VIRGINIA RUSSELL *vs.* FIRST NATIONAL STORES, INC. February 27, 1957. Order dismissing report affirmed. This is an action of tort to recover for injuries sustained by the plaintiff by reason of the alleged negligence of the defendant. There was evidence that about 5:45 P.M. on July 14, 1954, the plaintiff entered the defendant's store in Belmont to purchase something. She walked through the entrance and proceeded straight ahead "when she tripped over a board" which was nailed to the floor at a point eight to ten feet from the entrance. The board, which was about six feet long, three inches wide and one and one half inches in height, was used as a "carriage stop for carriages used by customers in carrying merchandise." The plaintiff testified that there were "no carriages and nothing . . . to warn a customer . . . of the board . . . [which was] of similar appearance in color to the floor." The judge made brief findings of fact which included a finding that "the defendant was not negligent." He denied the plaintiff's first, fourth, and seventh requests for rulings which in substance asked him to rule that a finding for the plaintiff was warranted. A report to the Appellate Division was dismissed, and the plaintiff appealed. There was no error. We assume in the plaintiff's favor, without deciding, that the evidence warranted a finding for the plaintiff. If so, the requests in question ought to have been given unless they were made immaterial by the judge's findings. *Liberatore* v. *Framingham,* 315 Mass. 538, 541–542. Here the specific finding that the defendant was not negligent rendered the requested rulings immaterial. The case falls within the authority of such cases as *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 448, *Connell* v. *Maynard,* 322 Mass. 245, and *Horton* v. *Tilton,* 325 Mass. 79.

*Richard C. Sheppard,* (*William J. O'Neill* with him,) for the plaintiff.

*William F. Meara, Jr.,* for the defendant.

THERESA FOLEY & another *vs.* MIDDLESEX & BOSTON STREET RAILWAY COMPANY (and a companion case). March 1, 1957. Exceptions overruled. These are actions by a minor plaintiff to recover for personal injuries and by her father for consequential damage resulting from a collision of a bus of the defendant railway company in which the minor plaintiff was a passenger with an automobile operated by the defendant Knowlton. The cases were consolidated for trial and in each there was a verdict for the defendant. The only exception of the plaintiffs was to the admission of testimony as to the earnings of the minor plaintiff after her accident. The evidence related solely to the issue of damage, and in view of the jury's finding on liability was, if improperly admitted, harmless error. See *Furbush* v. *Connolly,* 318 Mass. 511, 512; *Ferris* v. *Turner,* 320 Mass. 555, 558.

*Dennis M. Cronin,* for the plaintiff.

*Francis B. Turner,* for the defendant Middlesex and Boston Street Railway Company.

*Harry B. White,* for the defendant Knowlton, submitted a brief.