*Northern District*

No. 5350

**CATHERINE RYAN**

v.

**FRANCIS C. CRONIN ET AL**

(February 3, 1960)

*Present:* Gadsby, P. J. and Eno, J.

Case tried to *Brooks, J.,* in the First District Court of Eastern Middlesex. No. 1601 of 1958.

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover damages to her real estate property as the result of the collapse of a retaining wall owned by the defendants, owners of the adjoining property. The defendants' answer is a general denial, an allegation of contributory negligence, and an answer in recoupment.

The reported evidence is as follows:

"The plaintiff, Catherine Ryan, testified that she is the absentee owner of the property at 20/22 Prospect Street in Everett; that she was the owner of said property in August 1957 when a retaining wall on land owned by the defendants collapsed; that as a result of the collapse, a shed on the plaintiff's land was destroyed, and there was damage to her back porch and foundation. The wall in question was made of field stone, approximately twenty (20) feet in length and approximately six (6) feet in height at the point of collapse. The entire face of the wall was exposed to view from the plaintiff's property. Three (3) photographs of the wall were introduced in evidence and are attached hereto and made a part of this report.

The defendant, Francis C. Cronin, on cross-examination, admitted to ownership of the wall. He testified that he had owned the property for about sixteen years, and that he inspected the wall from time to time during that period. The defendant, Marion L. Cronin, testified that she owned the property, and that she knew the condition of the wall. She further testified that about ten years ago she saw Mrs. Ryan remove a couple of boulders from the wall, but that the

place from which the boulders were removed was not near the part of the wall which collapsed, but "tended to weaken the wall."

The plaintiff seasonably filed the following requests for rulings which were denied by the trial judge for the reasons hereinafter stated:

1. On all the evidence the plaintiff is entitled to recover. *Disallowed.*

2. One who is the owner and in control of property which causes damage to the person or property of another is liable for said damage. *Disallowed as inapplicable to this case.*

3. The plaintiff is entitled to recover for all damage to her property which was a direct result of the defendant's responsibility, which includes the repairing of the damage as well as the cost for removal of any debris as a result of said damage. *Disallowed in view of Finding.*

4. The defendant was the owner of the property which caused the damage to the plaintiff's property and had a duty to maintain his property in a safe manner. *Disallowed as I do not find he failed in any duty.*

The Court also made the following findings of facts:

"Decision

Plaintiff's house was damaged when wall located on defendants' property along side the plaintiff's property collapsed. This was a retaining wall which had stood for many years without sign of collapse. There was no evidence of negligence on the part of the defendants, unless the collapse of the wall was such evidence and I do not so find. If there were signs of an impending collapse, the plaintiff, who had a far better view of the wall than the defendants, was in a better position to notice it.

There was some indication that the plaintiff and the defendants were not on the best of terms as evidenced by re-

"fusal of the plaintiff to allow the defendants to come on to the plaintiff's property either to repair the wall or clean up the debris."

and found for the defendant.

We do not review the ruling on the plaintiff's first request because it failed to include any specifications as required by Rule 27 of the Rules of District Courts (1952). *Forbes v. Gordon & Gerber Inc.,* 298 Mass. 91, 95; *Okin v. Sullivan,* 307 Mass. 227, 228.

The other three requests became inapplicable or immaterial in view of the trial judge's findings of facts. *Strong v. Haverhill Electric Co.,* 299 Mass. 455; *Himelfarb v. Novadel Agene Corp.,* 305 Mass. 446, 448; *Connell v. Maynard,* 322 Mass. 245, 246; *Horton v. Tilton,* 325 Mass. 79; *Russell v. First National Stores,* 335 Mass. 768.

Since there was no prejudicial error in the denial of the plaintiff's requests the report is to be dismissed.

John W. Flynn of Malden, for the Plaintiff.

Albert J. Mayer of Boston, for the Defendants.