## No. 486108

### PETER SANTOS

v.

### THEODORE BARNETT, ET AL

(October 23, 1959 — April 4, 1960)

*Present:* Lewiton, J. (Presiding), Shamon & Glynn, JJ.

Case tried to *Adlow, C. J.*

*Glynn, J.* The plaintiff in this case was injured while working on a job in Malden as a carpenter. The injuries so received were sustained by him arising out of and in the course of his employment. The evidence re-

ported indicated a conflict as to whether or not the plaintiff was working for the defendant Jones or the defendants Barnett.

Jones testified in effect that the plaintiff was working for the Barnetts, and Barnett testified that the plaintiff was working for Jones. A purported agreement (Exhibit No. 1) was introduced in evidence by the defendant Barnett wherein Jones undertook to do work on the premises where the accident happened. This exhibit (dated February 21, 1958) contained a further writing on the back of it dated March 14, 1958. In addition, a purported certificate of insurance (Exhibit No. 4) was introduced. Barnett testified that he relied on his alleged certificate as a valid indication of coverage.

The trial judge made a finding of fact that the plaintiff was an employee of the defendant Jones and not an employee of the defendants Barnett. There was adequate evidence presented which warranted such a finding. There was the testimony of the defendant Barnett along with the alleged certificate of insurance which was introduced into evidence. Further evidence was also offered by the defendant Barnett, namely the agreement between the two defendants that the defendant Jones undertook to perform certain services and furnish the labor in connection with the remodeling of the store at 130 Pleasant Street, Malden. All this evidence certainly warranted the findings of fact of the trial judge in this case. *Himelfarb v. Novadel Agene Corp.,*

305 Mass. 446; *Strong v. Haverhill Electric Co.,* 299 Mass. 455; *Russell v. First National Stores,* 335 Mass. 768.

Since the findings of fact were warranted the other matters raised by the plaintiff in his brief are no longer pertinent; however, the court feels that a discussion of the points is in order.

There is no question but that the employment of the plaintiff was "hazardous" as promulgated by an order of the Commissioner of Labor and Industries. The trial court took judicial notice of this order and allowed request No. 5. However, these orders are promulgated for the purpose of protecting employees under the workman compensation law and this court states that although the law is well stated by the plaintiff it is no longer material because of the findings of fact.

The same is true of the plaintiff's argument that §18 of c. 152 is applicable to the case at bar. There is no evidence that the defendant Barnett is an "insured person" as defined by §1 of the said c. 152. The legislative intent of this section was clearly to preclude any employer from escaping responsibility under the workman compensation law by hiring irresponsible independent contractors. To repeat, however, the findings of fact by the trial justice are binding on this court since the same were warranted by the evidence.

The plaintiff in his brief discusses a line of cases that deal with "work of inherently dangerous character". This line of cases set

forth the principle that persons who hire independent contractors to do work of an inherently dangerous nature are not absolved from liability by such hiring. There is no evidence that the work done by the plaintiff was of such an "inherently dangerous character". This is clearly distinguishable from the determination of employment to be "hazardous". This is clearly an instrument to protect employees in certain types of industry and labor under the Workmen's Compensation insurance laws of this Commonwealth.

The plaintiff also argued that the court erred in its rulings on requests nos. 9 and 10. The court set forth that these requests were "immaterial". These two requests set forth the legal premise that an employer must provide or has a duty to provide a safe place of employment. This court rules that the ruling of "immaterial" was proper inasmuch as the court had found that the plaintiff was not an "employee" of the defendant Barnett and as such the question of safe place became immaterial.

*Report dismissed.*

S. Roy Remar of Boston, for the Plaintiff.

Stanley H. Rudman of Boston, for the Defendant.