*Western District*

JANE DOBBERT

v.

EDITH C. ROBARE and EUGENE ROBARE

*Present:* Riley, P. J., Hobson & Alberti, JJ.

Case tried to ————————, *J.*, in the District Court of Northern Berkshire.

*Hobson, J.* This is an action of tort in which the plaintiff seeks to recover for damage to her automobile, caused by a collision involving her automobile, operated by her son Robert, and an automobile owned by the defendant, Edith C. Robare, operated by her son.

On all the pertinent evidence, some of which was conflicting, the trial judge warrantably found the following facts:

"On March 2, 1955, the plaintiff was the owner of an 1947 two door Ford sedan automobile, which

was being operated at the time of the accident by her son, Robert F. Dobbert, with her permission, in a northerly direction on the Mohawk Trail approaching the Hairpin Curve, so-called, at a reasonable rate of speed; and that there were three other passengers in the Dobbert vehicle.

The defendant, Eugene Robare, was the operator of a 1950 Oldsmobile coupe automobile, which was owned by and registered in the name of the other defendant, his mother, Edith C. Robare; and Eugene Robare was operating said motor vehicle the evening of March 2, 1955, with the permission of the said Edith C. Robare and had parked the vehicle on the westerly side of the Hairpin Curve, in the Town of Clarksburg, parallel to a sidewalk on the westerly side of the Hairpin Curve.

The motor vehicle of the defendant at the time of the accident was parked in a space or spaces provided by the Commonwealth of Massachusetts and designated as a Parking Area by said authority on the westerly side of the Hairpin Curve; said automobile was facing south and was stopped in said Parking Area without its lights on; and there was some snow in the Parking Area between the westerly side of the defendant's automobile and the curve.

The locus of the accident was not lighted by street lights; it was snowing at the time of the accident; and the son of the plaintiff operated the plaintiff's automobile in such a manner that the right front end of the plaintiff's automobile collided with and struck the left rear end of the defendant's automobile.

The width of the travelled part of the highway

east of the locus of the accident is 33½ feet and that each lane of travel at the locus is 16¾ feet wide; and the plaintiff's son had sufficient space in which to pass the defendant's automobile and the accident was *caused entirely* by the negligence of the plaintiff's son in failing to keep in his own traffic lane and in failing to observe the parked automobile of the defendant in sufficient time to avoid a collision." (*Emphasis added*).

The trial judge denied the plaintiff's following requests for rulings:

(1)   The Court must find as a matter of law that the defendant's motor vehicle, which was stationary on a public highway in the nighttime and without displaying a lighted rear light in compliance with Chapter 85, Section 15 of the General Laws, was in violation of said Chapter and Section.

(2)   The Court must find as a matter of law that the defendant's violation of Chapter 85, Section 15 of the General Laws contributed to the cause of the accident.

(3)   The Court must find as a matter of law that the defendant's violation of Chapter 85, Section 15 of the General Laws is an act of negligence.

(4)   The Court is warranted in finding that the defendant was negligent when the defendant's automobile was parked on a public highway without displaying a red light on the rear of the vehicle in the nighttime in violation of Chapter 85, Section 15 of the General Laws.

(5)   The Court is warranted in finding that the defendant's violation of Chapter 85, Section 15 of

the General Laws contributed to the cause of the accident.

(8) The Court must rule as a matter of law that the defendant's violation of Chapter 85, Section 15 of the General Laws was the proximate cause contributing to the damage suffered to the plaintiff's motor vehicle.

motor vehicle, then the Court must rule as a

(9) If the Court finds that the bailee, Robert Dobbert was negligent in the operation of the motor vehicle, then the Court must rule as a matter of law that the negligence of the bailee cannot be imputed to the plaintiff.

(11) The Court must find as a matter of law that where an automobile is parked in the nighttime on the side of a highway where parking is permitted without displaying a rear light in compliance with Chapter 90, Section 7 and Chapter 85, Section 15, is in violation of said Chapters and Sections, providing the rules and regulations of the authority who has control of said highway do permit parking in said area without lights on the rear of a motor vehicle.

(12) On all of the facts and all of the evidence, the Court must rule as a matter of law in favor of the plaintiff for the following reasons:—

A. The negligence of the operator of the plaintiff's automobile should not be imputed to the plaintiff.

B. The defendant's motor vehicle was parked on the highway in the nighttime without displaying a lighted rear light in compliance with Chapter 85, Section 15, and Chapter 90, Section 7 of the General Laws.

C. The violation of Chapter 85, Section 15 and Chapter 90, Section 7 of the General Laws was negligence, and the violation of the same was the proximate and the contributing cause to the accident.

(13.) The Court must find as a matter of law that the motor vehicle operated by the defendant, Eugene Robare, was illegally registered and an outlaw on the highway.

Plaintiff claims to be aggrieved by the refusal of the trial judge to grant the above requests.

We find no prejudicial error.

■ The plaintiff contends that the trial judge in his finding did not plainly and clearly state the reason for the denial of his requests or state that he found the violation of the statute was a condition and not a cause of the accident. We do not agree with this contention. We believe that the word "entirely", as used in [the findings] means that the trial judge found that the plaintiff's son was solely and wholly to blame for the accident, and that the statement is both in substance and effect a finding that the defendant, Eugene Robare, was free from negligence, which would imply a finding that the way and manner in which the Robare automobile was parked was only a circumstance and not a proximate cause contributing to the damage suffered by the plaintiff. This is in line with the reasoning in *Connell v. Maynard,* 322 Mass. 245, 246, where it says that "the judge found 'the manner in which the accident

occurred is a matter of conjecture.' . . . The finding of the judge was in substance that the defendant was not shown to have caused injury to the plaintiff by any negligence."

■ Request 1, ought to have been granted, but there was no prejudicial error because it became immaterial in view of the judge's findings of fact. *Connell v. Maynard,* 322 Mass. 245 and cases cited.

■ Requests 2, 3, 8, and 12, in effect called for a ruling that as a matter of law the defendant, Eugene Robare's, violation of Chapter 85, Section 15 of the General Laws, was in and of itself an act of negligence or was a proximate cause contributing to the damage suffered to the plaintiff's motor vehicle. All these requests were rightly refused. Our Supreme Court has said many times that the violation of a penal statute or of a valid ordinance, rule or regulation is evidence of negligence as to all consequences that were intended to be prevented.

■ Evidence of such violation, however, does not make it actionable negligence unless the violation is shown to have been actually a proximate cause contributing to the injury suffered. It may be only a circumstance and not a cause, and the question is generally one of fact. *Kralik v. LeClair,* 315 Mass. 323, 326.

■ It was the province of the trial judge, as a finder of the facts, to determine, upon all the evidence, and proper inferences to be drawn therefrom, whether or not the violation of the statute was a *circumstance* only and

not a *proximate cause* contributing to the injury suffered.

In Requests 4 and 5, the trial judge was asked to rule that he was warranted in finding that the defendant, Eugene Robare, was negligent in parking the automobile on the highway without displaying the lights required by Section 15 of Chapter 85 of the General Laws, and that his violation of said section contributed to the cause of the accident. Again, while these requests ought to have been granted, they became immaterial in view of the finding of fact that the defendant, Eugene Robare, was not guilty of negligence and that his violation of the statute was not the proximate cause of the damage done to the plaintiff's motor vehicle. *Connell v. Maynard,* 322 Mass. 245.

Request 9, to the effect that if the trial judge should find that the bailee of the automobile, Robert Dobbert, the son and operator, was negligent in the operation of the mother's motor vehicle, then the Court must rule as a matter of law that the negligence of the bailee could not be imputed to the plaintiff, was refused. It correctly stated the law and should have been granted. Had the trial judge found that both the bailee and the defendant were negligent, then under the doctrine laid down in *Nash v. Lang,* 268 Mass. 407, the plaintiff would be entitled to recover her damages, and his refusal to grant the request would have been prejudicial error. However, inasmuch as the defendant was

found not to be negligent, the request had no application to the facts as found and its refusal was harmless error.

An error was made in the typing of Request 11, and it should have asked the Court to find as a matter of law that where an automobile is parked in the nighttime on the side of a highway where parking is permitted, without displaying a rear light as required by law, is a violation of the law, provided the rules and regulations of the authority who have control of the highway DO NOT permit parking in said area without such lights. Assuming that the request in effect called for such a ruling, it should have been refused, because it became immaterial in view of the findings of fact by the trial judge.

Request 13 asked the court to find as a matter of law that the motor vehicle operated by the defendant, Eugene Robare, was illegally registered and was an outlaw on the highway. This request was refused. In the plaintiff's brief or in her argument before us no claim was made that she was prejudiced by this refusal. The trial judge found as a matter of fact that the motor vehicle was owned by and registered in the name of the defendant, Edith C. Robare. This finding of fact rendered harmless the refusal to grant said request, for reasons above stated.

Furthermore, if there was any error in the manner in which the trial judge dealt with the plaintiff's requests for rulings, his error was fully covered by his findings of fact.

*Rummel v. Peters,* 314 Mass. 504, 518. It is clear that a just decision has been made under the principles of law appropriate to the facts found to be true. *Rathgeber v. Kelley,* 299 Mass. 444, 446.

*The report should be dismissed.*