## CHARLES G. DAVIS *vs.* JAMES C. MURPHY.

Plymouth. Oct. 15, 1878. — Jan. 7, 1879. AMES, ENDICOTT & SOULE, JJ., absent.

A tenant at will, under an agreement that he is at liberty to leave the premises at pleasure and at a moment's notice, is not liable for rent after he has given such notice, and is not obliged to give the notice mentioned in the Gen. Sts. *c.* 90, § 31.

CONTRACT on an account annexed for use and occupation of a tenement in Plymouth, from September 1, 1877, to December 1, 1877, at the rate of $20 a month. The answer admitted that the defendant owed the plaintiff for the use and occupation from September 1, 1877, to October 8, 1877, at the rate of $5 a week, alleged a tender of the amount, and set up that the tenancy was by an oral agreement, by the terms of which the defendant was to pay $5 a week so long as he should occupy the tenement, and that the defendant could quit the same at any time, without giving the notice required by the statute.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff introduced evidence tending to prove that the defendant hired the tenement in question for an indefinite period, at the rate of $20 a month; that he entered upon its occupation on September 1, 1877; and that he left the same on October 8, 1877, without giving notice of an intention to quit, and never afterwards occupied it.

There was evidence on the part of the defendant that he hired the tenement of the plaintiff at the rate of $5 per week, with liberty to leave it at pleasure, and at a moment's notice, in consideration of his agreement to vacate it whenever the plaintiff should let the whole house, of which the tenement was a part; that, under this agreement, the defendant left the tenement when it served his convenience to do so, without previous notice to the plaintiff; that after leaving, and on the same day, he sent the plaintiff the following letter: "Bearer will hand you keys of house. If you insist on a week's notice, you can send me bill of rent up to next Saturday, and I shall send you a check for amount;" and that on October 9 he also sent the plaintiff the following letter: "I enclose check for full amount of rent up to yesterday, the time I vacated premises, being a term of five

weeks and two days, which, at the rate of five dollars per week, will make $26.43, if I mistake not."

The only witnesses at the trial were the plaintiff and the defendant, excepting a witness called by the defendant, who testified that the plaintiff agreed to receive $5 per week rent.

The judge ruled that, upon these facts, the plaintiff was entitled to notice from the defendant, as provided by the Gen. Sts. c. 90, § 31, in relation to the determination of estates at will; and directed the jury to return a verdict for the plaintiff for the whole amount claimed. The defendant alleged exceptions.

*A. Mason*, for the defendant.

*C. G. Davis, pro se.*

MORTON, J.    The statute provides that "estates at will may be determined by either party, by three months' notice in writing for that purpose given to the other party; and when the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment." Gen. Sts. c. 90, § 31.

This statute provides a mode in which, in the absence of any agreement of the parties, estates at will may be determined, but it does not provide that they may not be determined in any other mode.    Thus, if a tenancy at will is for a definite period, as for a year or a month, it is determined by its own limitation, without any notice.    So also it is familiar law that, if the lessor alienates his estate by a deed or a written lease, this terminates the tenancy, and the lessee is not entitled to the statute notice.

In *Farson* v. *Goodale*, 8 Allen, 202, there was evidence that the defendant, who was a tenant at will, left the premises by the consent of the landlord, who said he should not require a written notice, and it was held that the tenancy was terminated; the court saying in the opinion, that "a tenancy at will may be terminated at any time and in any manner which may be mutually agreed upon by the parties."    In *May* v. *Rice*, 108 Mass. 150, the defendant was a tenant at will under an oral lease by which the rent was payable quarterly.    The parties made an oral stipulation that either party might "terminate the tenancy by giving one month's notice to the other in writing."    It was held that the tenant by giving one month's notice according to the agree-

ment terminated the tenancy. These cases are based upon the principle that the parties may agree between themselves as to the time and manner in which the tenancy may be terminated. See *Hollis* v. *Pool*, 3 Met. 350.

The plaintiff relies upon the case of *Batchelder* v. *Batchelder*, 2 Allen, 105. In that case the defendant asked the court to rule that, if " the contract between the parties was that he might quit the premises whenever he pleased, no notice of his intention to quit was necessary," which the court refused. A tenancy at will is one which may be terminated at the will or pleasure of either party. The contract relied on by the defendant went no further than to show that he was a tenant at will; it contained no stipulation as to the time or mode in which the tenancy might be terminated, and therefore the court held that the statute applied to it, and it could not, in the absence of any agreement of the parties, be terminated without notice.

That this was the view taken by the court is apparent from the fact that the opinion does not discuss or refer to the question whether the parties might by agreement terminate a tenancy a. will in a mode different from that provided by the statute, and from the further fact that within three years thereafter the court, consisting of the same judges, decided the case of *Farson* v. *Goodale*, *ubi supra*, which is inconsistent with and would overrule *Batchelder* v. *Batchelder*, if the construction which the present plaintiff puts upon that case is correct.

In the case at bar, there was evidence on the part of the defendant that the parties agreed that the defendant should have "liberty to leave the premises at pleasure and at a moment's notice." The stipulation as to notice may imply that the parties intended to substitute for the notice required by the statute an agreement that the tenancy might be terminated upon a moment's notice by the lessee. If the jury were satisfied that such was the agreement, the defendant would not be liable for rent after he had quit the premises and had given notice thereof to the plaintiff.

We are therefore of opinion that the case should have been submitted to the jury, and that the ruling directing a verdict for the plaintiff was erroneous. *Exceptions sustained.*