### RANSOM C. TAYLOR *vs.* ALBERT TUSON.

Worcester. October 3, 1898. — October 21, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Landlord and Tenant — Notice of Termination of Tenancy at Will — Action.*

If a tenant at will does not give a proper and legal notice sufficient to determine the tenancy, and the landlord does not accept the surrender of the premises, the tenancy is not determined by the tenant vacating the premises.

CONTRACT, for use and occupation of an office in Worcester, for four months' rent from December 24, 1896, to April 24, 1897, the rent being fifteen dollars per month and payable monthly on the 24th day of each month. At the trial in the Superior Court, before *Gaskill*, J., it appeared that the defendant moved his property from the premises on December 24, 1896, and tendered the keys, which the plaintiff refused to accept. The plaintiff told the defendant that he should hold him for the rent, and the defendant left the keys and went away. The defendant testified that on November 24, 1896, he gave to the plaintiff a notice in writing that he should vacate the premises on December 24, 1896, all of which the plaintiff denied.

---

The defendant, who was a tenant at will, requested the judge to rule, as matter of law, that if, paying rent by the month, the rent period being a month in time, he vacated the premises, without giving a proper and legal notice sufficient to terminate said tenancy, he could be held liable to pay rent only for the month, or rent period, during which he vacated the premises, and for the next succeeding month or rent period.

The judge refused so to rule, and ruled that if the defendant gave the notice which he claimed to have given the plaintiff, the notice was sufficient to terminate the tenancy, and the plaintiff could not recover; but if the defendant did not give the notice as claimed by the defendant, then the tenancy at will had not been terminated, and the plaintiff could recover the four months' rent sued for.

The jury returned a verdict for the plaintiff for the four months' rent, namely, sixty dollars and interest thereon; and the defendant alleged exceptions.

*W. E. Sibley,* for the defendant.

*J. E. Sullivan & D. F. O' Connell, (D. B. Hubbard* with them,) for the plaintiff.

FIELD, C. J. The defendant was a tenant at will of the plaintiff. The presiding justice rightly ruled that if the tenant did not give " a proper and legal notice sufficient to terminate said tenancy," as the plaintiff did not accept the surrender of the premises, the tenancy at will was not determined by the tenant vacating the premises. *Walker* v. *Furbush,* 11 Cush. 366. *Batchelder* v. *Batchelder,* 2 Allen, 105. *Whicher* v. *Cottrell,* 165 Mass. 351. Pub. Sts. c. 121, § 12.

*Exceptions overruled.*