Sanborn, P. J.
This is an action of contract for use and occupation of a certain store for the months of March to August, 1939, inclusive. The report recites the facts as follows :
“At the trial there was evidence tending to show: that the defendants Doran and Kinney entered into possession of the premises in question as tenants at will of the plaintiff in November, 1938; that the rent was forty dollars per month and the rent day was the first of the month; that the defendants last paid rent for the month of February; that Doran & Kinney was a general partnership engaged in the undertaking business ; that as between themselves either could withdraw from the partnership at will; that on April 22, 1939 Doran withdrew from the firm, removed all his property from the premises, effaced the name Doran from the sign over said premises and since that time has not occupied the premises nor had any connection with the firm; that on said date Doran notified his partner of his withdrawal from the firm and the partner, Kinney, said he wished to continue in business on the prem *28 ises individually; that Doran on said date turned over to Kinney his key to the premises; that from said date to September 1,1939 Kinney occupied the premises and did business individually; that after April 22, 1939 no business of the partnership was transacted on the premises ; that on April 22, 1939 Doran sent the following communication to the agent of the plaintiff which was received by him on April 24th: ‘This is to notify you that I am no longer connected with the business at 1718 Centre Street. Mr. Francis E. Kinney will continue the business and I turned over my key to him today.’; that in consequence of said communication the plaintiff’s agent spoke with both Doran and Kinney on the telephone within a few days after April 24th.”
As to this conversation the evidence was conflicting, the defendants testifying the agent assented to the new arrangement by which Kinney was to continue as the sole tenant, while the agent denied this saying he told them he was not interested in any differences that existed between the partners, but that he wanted the rent and would hold the partnership' responsible for it.
The defendant, Doran, filed certain requests for rulings, of which the following were denied:
“3. The evidence warrants a finding that the partnership of Doran & Kinney was dissolved on April 22, 1939.
7. The evidence warrants a finding that the plaintiff is estopped from claiming rent from Doran subsequent to the month of May.
9. If the Court finds that Doran notified the plaintiff in April that the partnership was dissolved and that he no longer had any connection with it, and Doran did not occupy the premises thereafter nor have any connection with the business thereafter, his liability for rent ends with the month of May.
10. If the Court finds that Doran withdrew from Doran & Kinney on April 22, 1939 and gave notice of such withdrawal to the plaintiff, then the joint tenancy of *29 Doran & Kinney was terminated upon receipt of the notice by the plaintiff.
11. The evidence warrants a finding that the liability of Doran for rent or use and occupation is limited to the months of March, April and May.”
The court made the following finding: “That there never was a dissolution of the partnership so as to affect creditors and that Jacobs, the plaintiff’s agent never agreed or assented to the release of either of the partners from any of the obligations of the partnership” and found for the plaintiff in the sum of $240. The defendant Doran only has brought the case to this court.
The question here presented is whether Doran, by his withdrawal from the partnership and notice to the plaintiff of the partnership dissolution and by ceasing to occupy the premises, was relieved of his obligations as a tenant of the plaintiff. As partners, both defendants were tenants of the plaintiff under a tenancy at will, the rent being payable monthly on the first day of the month. As provided in §12 of Chapter 186 of the General Laws, this tenancy could be determined by a month’s notice in writing. Without a proper, legal notice sufficient to determine it, the tenancy is not determined by the tenant vacating the premises unless the landlord accepts the surrender of the premises. Batchelder vs. Batchelder, 2 Allen 105, Whitney vs. Gordon, 1 Cush. 266, Walker vs. Furbush, 11 Cush. 366, Whicher vs. Cottrell, 165 Mass. 351, Taylor vs. Tuson, 172 Mass. 145. In the absence of a waiver of notice by the landlord, not only is the tenant liable for the rent of the succeeding month, but for subsequent periods until the required statutory notice is given. Taylor vs. Tuson, Supra, Leavitt vs. Maykil, 203 Mass. 506, and the burden is on the tenant to show such waiver. The fact that the tenant after vacating without due notice has derived no benefit from the *30 tenancy, does not affect his liability. Walker vs. Furbush, 11 Cush. 366.
The trial court found the surrender of the premises had never been accepted by the plaintiff and as this was a finding of fact from conflicting testimony, it was clearly warranted, and is', therefore, not open to review here.
The defendant’s third, ninth and tenth requests predicated upon a dissolution of the partnership1, or in other words predicated upon a rearrangement of the relations of the defendants to each other, were properly denied because irrólóvant. The defendant Doran, upon withdrawing as a partner, remained liable for all existing obligations of the firm to the same extent as if he had not retired, unless the creditprs assent to his retirement and agree to look to the other member of the firm for payment. The seventh, arid eleventh requests were properly denied in view of the finding that the plaintiff did not accept a surrender of the premises.
There has been no prejudicial error, and the report is dismissed.