JOHN D. MARR, executor, *vs.* JOHN L. DORAN & another.

Suffolk.     October 8, 1940. — October 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Landlord and Tenant,* Termination of relation, Tenancy at will, Rent.

A notice in writing to a landlord by one of two partners who were tenants at will, merely that he was no longer connected with the business and that it would be continued by his former associate, to whom he had given his key to the premises, was ineffectual to terminate the tenancy or to relieve him of his liability for rent thereafter in the absence of an agreement with the landlord to that effect.

CONTRACT against John L. Doran and Francis E. Kenney, doing business as Doran & Kenney. Writ in the Municipal Court of the West Roxbury District of the City of Boston dated August 4, 1939.

The case was heard by *Macdonnell,* J., and in this court was submitted on briefs.

*H. W. Sexton,* for the defendant Doran.

*H. E. Casey,* for the plaintiff.

RONAN, J. The defendants, copartners, were tenants at will of the plaintiff for several months prior to April 22, 1939, when Doran withdrew from the firm, eliminated his name from the sign upon the premises, removed his personal property, turned over the key to Kenney, and notified in writing the plaintiff's agent that he was no longer connected with the business, that Kenney alone would continue it, and that he had given his key to Kenney. The plaintiff's agent informed both Doran and Kenney that he wanted the rent and that he would hold the partnership liable. Kenney continued in occupation until September 1, 1939. The judge found that there was no dissolution of the firm so as to affect creditors and that the plaintiff's agent did not agree or assent to the release of either of the partners, and found against both defendants for the rental for the six months preceding September 1, 1939. The Appellate Division ordered the report dismissed, and Doran appealed.

The tenancy at will existing between the firm and the plaintiff was not terminated by the withdrawal of one of the partners and a written notice, given by one of them to the plaintiff's agent, that he was no longer connected with the firm and the business would be continued by the remaining partner to whom he had given his key. The written notice made, no mention of the tenancy and did not purport to determine the tenancy on the conclusion of a full rent period following its receipt. The notice was insufficient to terminate the tenancy. *Whicher* v. *Cottrell*, 165 Mass. 351. *Taylor* v. *Tuson*, 172 Mass. 145. *Selig* v. *McCarthy*, 281 Mass. 106. The judge found that the tenancy was not terminated by any agreement between the parties; and, there being no surrender of the premises and no agreement by the landlord to look to the remaining partner for the rent, the defendant Doran was properly found liable for the rent declared on, a part of which accrued while he was occupying the premises and the rest for the few months following his retirement from the firm. G. L. (Ter. Ed.) c. 108A, § 36; c. 186, § 12. *Walker* v. *Furbush*, 11 Cush. 366. *Taylor* v. *Tuson*, 172 Mass. 145. *Leavitt* v. *Maykel*, 203 Mass. 506.

The defendants' second, third, ninth and tenth requests, all of which were predicated upon the dissolution of the partnership, were properly denied as they were immaterial in view of the findings of the judge. The same is true of the eleventh request, that the evidence warranted a finding limiting the liability of Doran for the rent to March, April and May, 1939.

*Order dismissing report affirmed.*