No. 3061          Northern          Middlesex, ss.

WASHINGTON SAVINGS INST.   (J. J. & W. A. Hogan)
v. PEIKES                                    (Nathan Peikes)

From the District Court of Lowell—Eno, J.
Argued Dec. 22, 1941—Opinion filed Jan. 26, 1942

SULLIVAN, J. (Jones, P. J., and Sullivan, J.)—This is an action in contract for rent of three months for the premises at 143 Grove Street, Lowell, at forty dollars per month, amounting to one hundred and twenty dollars against the defendant, a tenant at will. On June 7, 1940, a decree nisi of divorce was entered as between the defendant and his wife; that on that day the defendant telephoned the plaintiff through one of its female clerks that he would no longer be responsible for the rent after June 15, 1940, (upon which day he made his last payment by his usual check); that said clerk answered "all right"; that whatever business dealings that the defendant had with the plaintiff was carried on through the medium of the treasurer of the female clerks; that soon after July 15, 1940, one Daley, general supervisor of properties of the plaintiff, with whom the defendant had had no previous business dealings, telephoned him that the plaintiff had not received the July check for the rent; that the defendant told him of the notice he had given an employee of the plaintiff that he would be no longer responsible for the rent, but that the plaintiff should look to the defendant's wife for future rental payments; that when the defendant was asked to name the clerk to whom he gave notice of terminating his tenancy, he could not do so; that investigation made at the bank by Daley showed no

clerk could be found who held such alleged conversation with the defendant; that upon Sept. 11, 1940, the defendant was served with a notice to quit for non-payment of rent; that the defendant never gave the statutory notice to terminate his tenancy, believing that his telephonic communication was sufficient, which amounted to a waiver. The court in its findings of fact stated that the defendant gave no legal notice terminating his tenancy; that no clerk was authorized to accept the alleged verbal notice given by the defendant; that there was no waiver and found for the plaintiff.

The report is alleged to contain all the evidence material to the issue involved.

The simple question to be determined is whether or not the defendant gave the proper legal notice to the plaintiff whereby his tenancy was determined and ended and whether notice, if any, were given, such notice was accepted by the plaintiff, thereby ending the defendant's tenancy. The plaintiff contends no such legal notice was received by it, that if notice was given, it was received without authority and therefore never waived its rights as landlord.

The tenancy was not terminated by any agreement between the parties and there being no surrender of the premises and no agreement by the landlord to look to the defendant's former wife for the rent, the defendant was properly found liable for the rent. G. L. (Ter. Ed.) c. 108 A, s. 36; c. 186, s. 12. *Marr* v. *Doran,* 307 Mass. 185, and cases cited.

This was a case where the defendant's copartners were tenants at will of the plaintiff. Doran withdrew from the firm, eliminated his name from the sign on the premises, removed his personal property, and turned his key over to his partner, Kenney, and in writing notified the plaintiff's agent that he was no longer connected with the business but Kenney would continue the business. The agent said he would hold the partnership for the rent. Kenney continued in occupation for some months. The court found the tenancy was not terminated by any agreement between the parties; that there was no surrender of the premises and no agreement on the part of the landlord to look to the remaining partner.

In the case at the bar, the plaintiff did not agree to accept the defendant's former wife as the tenant in his place.

The occupancy of the premises by the former wife after the alleged telephonic notice to the plaintiff was a continuance of the existing tenancy and not a new tenancy as contended by the defendant. *William* v. *Seder,* 306 Mass. 134.

The trial court was not required to believe the testimony of the defendant, as to notice he gave and that as a result of such notice, the plaintiff waived the right in looking to the defendant for its rent.

Because the finding for the plaintiff is based on credible evidence and the trial court's finding on the insufficiency of

an alleged notice to vacate the premises, no prejudicial error is present in the denial of the defendant's twelve requests; the reasons given for such denials were correct. The plaintiff's two requests were properly allowed. We cannot say the finding of the trial court was plainly wrong. On the evidence the court could not reasonably have done otherwise.

*Report dismissed.*