*Northern District*

## M. HARRY GOLBURGH
### v.
## ANNA BARTHELMES ET ALS

(June 27, 1961

*Present:* Northrup, J. (Presiding) and Sgarzi, J.

Case tried to *Brooks, J.,* in the First District Court of Eastern Middlesex. No. 2118-2119 of 1960.

*Sgarzi, J.* These are two actions of contract in one of which recovery is sought for *rent* of premises occupied by the defendants as tenants at will in a building owned by the plaintiff for a period ending December 31, 1958 and in the other of which recovery is sought for the *rent* of the same premises for the months of January 1959 to June 1960 inclusive. The answers in both cases were general denials.

The actions were tried together and there was evidence tending to show that the plaintiff, an attorney at law, was the owner of a building at No. 223 Pleasant Street in the city of Malden containing certain offices which were rented by him in May 1952 to

one Herman Carter representing Local 231 of the International Union of Electrical, Radio and Machine Workers, A. F. L., C. I. O. for use by the Union. The premises were occupied by the Union until the latter part of April 1957. On April 17, 1957 a letter on stationery of the Union and signed by its president, the defendant Anna Barthelmes, was sent to the plaintiff reading as follows "At this time we would like to submit our notice to vacate the office we now rent from you. We will vacate *May* 1, 1957." With another letter dated April 30, 1957 and received by the plaintiff on May 2, 1957 the defendants returned to the plaintiff the keys to the offices. On the same day, May 2, 1957 the plaintiff wrote to the defendants acknowledging their letters and receipt of the keys but stating that the notice to vacate did not comply with legal requirements. He further stated "This is to notify you that it is not my intention to accept this as a termination of the tenancy nor to have this constitute a waiver of any of my rights. There is due me the rent for March and April, and now for May, which I would like you to send to me." The plaintiff did not return the keys. The rent was payable monthly at the rate of $38.00 per month.

There was no further correspondence or contact between the parties until August 20, 1957 at which time the plaintiff wrote another letter to the defendants stating "I still have a claim against the Union for the rent due me and for failure to give notice in accord-

ance with the requirements of the law, for the premises at 223 Pleasant Street, Malden, Mass. Unless arrangements be made to clean this up in the very near future, I shall bring suit for the amount due."

There was no further communication between the parties until suit was brought in June 1960. The plaintiff made some effort to rent the premises but up to the time of bringing suit was unsuccessful. The defendants are officers of the Union which is an unincorporated association.

The plaintiff seasonably filed twelve requests for rulings of law of which numbers 6, 7, 8, 9 and 10 were denied. The essence of requests numbers 6, 7 and 8 was that there was not sufficient evidence to warrant a finding that the tenancy had been terminated and of 9 and 10 that there was sufficient evidence to warrant a finding that the tenancy was not terminated and that the defendants owed the rent for the periods mentioned in the declarations.

The judge found for the plaintiff in the first case in the sum of $139.00 representing a balance of $25.00 for the January 1956 rent and $114.00 for the months of March, April and May 1957 at $38.00 per month. He found for the defendants in the second case and wrote a decision, the significant portion of which reads as follows: "I rule that notice originally given was defective, but that the key was returned and received with the claim by the landlord that he would hold defendants for March, April and May rent."

There can be no question that the notice of April 17, 1957 given by the defendants to the plaintiff did not comply with the requirements of G. L. c. 186, §12 and was therefore defective. *Sanford v. Harvey,* 11 Cush. 93; *U-Dryvit Auto Rental Co. v. Shaw,* 319 Mass. 684. But notwithstanding a defect in the statutory notice, a tenancy at will can be effectively terminated if the defect in the notice is waived by the landlord or if a surrender of the premises is made by the tenant and accepted by the landlord. *Boynton v. Bodwell,* 113 Mass. 531; *Gladstone v. Aronson,* 277 Mass. 163; *Marr v. Doran,* 307 Mass. 184.

There can be no doubt that the defendants by their notice of April 17, 1957 intended to terminate their tenancy on May 1st. following, and by their letter of April 30, enclosing the keys did in fact surrender the premises to the plaintiff landlord in accordance with their notice. The landlord's reply indicated that he considered the notice inadequate to terminate the tenancy on May 1st. or construed as a waiver of any of his rights, made claim for the rent for the month of May, acknowledged receipt of the keys and did not return them. His letter of August 20, could be construed as a renewal of his prior claim for the rent for March, April and May based upon the defective notice and threatened suit for collection of "the amount due." It is significant that no amount was indicated, no additional period of rental was mentioned and again *the keys were not returned.*

The judge in effect agreed with the contention of the plaintiff that the notice given by the defendants was defective, that the plaintiff was entitled to rent for the month of May and inferentially found that the conduct of the plaintiff in retaining the keys and in making no further demand for the payment of rent for any period beyond May and in not communicating with the defendants for almost three years thereafter was an acceptance of the surrender of the premises and a waiver of the defect in the original notice beyond a claim for the rent for May 1957.

In the case of *Talbot v. Whipple*, 14 Allen 177 it was said "Any acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession of demised premises amount to a surrender by operation of law."

With regard to the matter of waiver it is urged by the plaintiff that this is an affirmative defense which should be pleaded and proved by the party alleging it. *Growers Outlet v. Stone*, 333 Mass. 437; *Equitable Credit Corp. v. Treadwell*, 338 Mass. 99; *Nashua River Paper Co. v. Lindsay*, 242 Mass. 206.

Ordinarily this is so but the court held in the case of *Boynton v. Bodwell*, 113 Mass. 531 that evidence that the landlord had waived the insufficiency of a defective notice of an intention to quit was admissible under the defendant's general denial.

Both the questions of surrender and waiver were questions of fact to be determined by the trial judge. *Philadelphia & Reading Coal*

*& Iron Co. v. Boston,* 211 Mass. 526; *Cassidy v. Walsh,* 319 Mass. 615; *Talbot v. Whipple,* 14 Allen 177.

> "The general finding of the trial judge imports the drawing of all rational inferences of which the case is susceptible and the finding of all necessary subsidiary facts, and that finding will not be reversed if upon any view it can be sustained."

Rugg C. J. in *Standard Oil Co. v. Malaguti,* 269 Mass. 126; *Royle v. Worcester Buick Co.,* 243 Mass. 143.

The evidence, and the rational inferences to be drawn therefrom, were sufficient to support the finding of the judge.

While plaintiff's requests for rulings numbers 9 and 10 might have been allowed their denial was not prejudicial error in view of the judge's findings. The other requests were properly denied. *John Hetherington & Sons v. William Firth Co.,* 210 Mass. 8; *Castano v. Leone,* 278 Mass. 429.

Since we find no prejudicial error the report is to be dismissed.

Hyman Gessman of Boston, for the Plaintiff.

Grant, Angoff, Goldman & Manning of Boston, for the Defendants.