John B. Flanders for the plaintiff.
Randolph L. Smith for the defendant.

Present: Lee, P.J., Hurd* & Welsh, JJ.

Robert L. SCHNEIDER
VS.
SYSTEMS ARCHITECTS, INC.

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

February 22, 1980

WELSH, J. This is a civil action sounding in contract in which the plaintiff demands judgment for two months rent alleged to be due after the defendant had vacated the demised premises.

The answer denied liability for the rent, and asserted that the defendant gave the plaintiff sufficient written notice of its intention to vacate the premises under G.L. C. 186, s. 12[1]; that the plaintiff accepted the surrender of the premises by the defendant; and that the plaintiff had waived written notice of termination of the tenancy.

The court found, in effect, that the defendant was liable to the plaintiff for the two months rent in question, and awarded damages to the plaintiff in the sum of $2,168.92 plus interest and costs.

There were evidence and stipulations at the trial which tended to show, inter alia, the following:

The plaintiff, a practicing attorney, rented a portion of an office building owned and occupied by him to the

[1] "Estates at will may be determined by either party by three months' notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment or thirty days, whichever is longer ..."

defendant corporation, which used the demised premises as professional offices for its architectural business. The tenancy was commenced in 1972 under a written lease. When the lease expired, the defendant continued to occupy the premises as a tenant at will. At the times material to this action, the monthly rent was $1,084.46, and the rental period ran from the fifteenth of each month through the fourteenth of each succeeding month. Although not expressly stated in the report, we infer that the rent was payable in advance. In the spring of 1976, the plaintiff became aware that the defendant was in the process of constructing a new building to house its offices, and was planning to occupy the new offices upon their completion. There was testimony from one Stanley Zavatsky, vice-president of operations of the defendant corporation, that he orally informed the plaintiff that the defendant would not be occupying the demised premises later than the end of August, 1976. The plaintiff testified that he did not recall such a conversation. On June 30, 1976, the defendant's vice-president wrote a letter to the plaintiff, in which he stated, "I would like to know if the rent of $1,084.46 will be constant for the remainder of our stay at Diauto Drive (June, July, and probably August, 1976)." On July 13, 1976, the plaintiff penned his response on the bottom of the defendant's letter, as follows: "Your assumption is correct unless there is some change from the condition we observed on 7/13/76. The change would have to be substantial to be of significance."

On September 14, 1976, the last day of the rental period which commenced August 15, 1976, the defendant did in fact vacate the premises, and the secretary of the vice-president in charge of operations handed her set of keys to the premises to a woman sitting behind a secretary's desk in the plaintiff's law offices. This person is not otherwise identified in the report. The plaintiff admitted being aware that the defendant had vacated the premises on September 14, 1976, or the day following at the latest. On September 15, 1976, the plaintiff billed the defendant for rent for the period of September 15, 1976 through October 14, 1976. By letter dated September 24, 1976, the defendant "expressed shock" to the plaintiff at receiving this bill. On September 27, 1976, the plaintiff advised the defendant that he would treat the letter of September 24, 1976 as a notice of termination, and that he would, therefore, expect rent through November 14, 1976.

The court made written findings of fact as follows:

"1. Contemplating a change in location to another premises in June of 1976, defendant, through its Vice President of Operations, Stanley J. Zavatsky, informed the plaintiff by letter dated June 30, 1976, that it intended to remain as a tenant at the Diauto Drive Premises for June, July and **probably** August, 1976 (See Plaintiff's Exhibit No. 1).

"2. No further written communication passed between the parties until subsequent to the defendant's vacating the premises on September 14, 1976.

"3. The Court finds that a set of keys to the aforesaid premises was delivered by an employee of the defendant to an unidentified individual present in the plaintiff's law office (directly adjacent and part of the premises in question) on September 14, 1976.

"4. The Court finds that the defendant paid no rent to the plaintiff or anyone on the plaintiff's behalf for the rental period from September 15, 1976, to October 15, 1976, and for the rental period from October 15, 1976, to November 15, 1976.

"5. On September 24, 1976, a written communication (plaintiff's exhibit no. 5) from the defendant to the plaintiff informed the plaintiff of its receipt of billing for the September-October period and that it was a matter of dispute.

"6. The court finds that as of September 24, 1976, the plaintiff acted on defendant's written communication as his singular written notice of the defendant's intention to vacate as of that date.

"7. The Court finds that the accepting of the keys after plaintiff's vacating of the premises does not constitute waiver for notification of termination of the tenancy. See David vs. Murphy 126 Mass. 143; Taylor vs. Tuson 172 Mass. 145.

"8. The Court finds that the defendant's letter of June 30, 1976, does not constitute a notice which plaintiff could reasonably rely upon as having designated a date certain upon which defendant intended to terminate its tenancy.

"9. The Court finds that the plaintiff is entitled to a finding against defendant for rent accrued prior to September 24, 1976, and for the period of one month next accruing before the expiration of the last full rental period after the notice of September 24th; October 15th to November 15, 1976.

"10. The Court finds for the plaintiff in the total amount for two full months rental, or $2,168.92."

The defendant claims to be aggrieved by the denial of requests for rulings numbered 1 through 4, which are set forth in the margin.[2]

We determine that there was prejudicial error in the court's denial of request for ruling number 1. The request, as we view it, seeks to obtain a ruling of law from the trial judge as to the sufficiency of the evidence to permit the conclusion that the plaintiff had received legally adequate notice so as to terminate the tenancy on September 14, 1976. Since the request is pertinent to an issue dispositive of the case and upon which the defendant has the burden of proof, see Connors v. Wick, 317 Mass. 628, 631 (1945), the defendant is entitled to the ruling sought, provided there is - some evidence in the report together with permissible inferences therefrom legally to permit the conclusion that the termination was effective. The defendant is so entitled unless the judge clearly demonstrates by his special findings of fact that the request

sought has been rendered immaterial, and therefore, not prejudicial to the rights of the defendant-appellant. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 103 (1975); Rummel v. Peters, 314 Mass. 504, 517-518 (1943).

It was open for the trial judge to infer as the finder of fact that the defendant informed the plaintiff in writing that it would vacate the premises no later than the end of the rental period that commenced on August 15, 1976. U-Dryvit Auto Rental Co. v. Shaw, 319 Mass. 684, 685, 686 (1945). Of course, the defendant would be liable for an entire month's rent even if it had vacated the premises in the middle of a rental period. Thus, the defendant would be responsible for all rent through September 14, 1976 even if it had vacated the premises at the end of August. Although the tenor of the written notice contained in the letter to the plaintiff dated June 30, 1976 was somewhat general as to the date of termination, we are of the opinion that it can fairly be construed as indicating an intention to vacate on or before the end of the rental period terminating September 14, 1976. The mere fact that there was other evidence in the case which might have contradicted or controlled the permissible inference as to valid notice of termination in the mind of the judge, does not alter the proposition that the defendant is entitled to a legal determination that there was evidence permitting a finding in its favor on that issue.

We have carefully examined the judge's findings of fact with a view towards determining whether or not

---

[2] "1. The evidence warrants a finding that sufficient notice of termination on Sept. 14, 1976 of the tenancy was given by the defendant. The court's action thereon: 'denied.'

"2. The evidence warrants a finding that the plaintiff accepted defendant's surrender of the premises on Sept. 14, 1976. The Court's action thereon: 'Denied, see David v. Murphy, 126 Mass. 143, Taylor v. Jason, [sic.] 172 Mass. 145.'

"4. The evidence warrants a finding that the parties entered into a new agreement for the tenancy to

such findings might have rendered the error of law non-prejudicial. We conclude that none of his findings of fact have rendered moot the failure to give the requested ruling. Therefore, the decision adverse to the defendant must be deemed on appeal to be the result of the erroneous ruling of law and not the result of a determination of fact. Although the court found that the defendant's letter of June 30, 1976 did not constitute a notice which the plaintiff could reasonably rely upon as having designated a date certain upon which the defendant intended to terminate the tenancy, we think the trial judge took an unnecessarily restrictive view by focusing solely upon the letter of notice. The date of termination need not be stated in the notice, so long as it is designated in general terms. **U-Dryvit Auto Rental Co. v. Shaw,** 319 Mass. 684, 686, (1946); **Selig v. McCarthy,** 281 Mass. 106, 107 (1932); **Sanford v. Harvey,** 65 Mass. (11 Cush.) 93, 96 (1853). Furthermore, a determination of the legal effect of the document concerning notice did not depend on the credibility of witnesses, and can be properly decided by the Appellate Division independent of the construction placed upon it by the trial judge. Finally, the fact that the plaintiff was a practicing attorney at law, who occupied a contiguous office in the same building, and who arguably was not misled by any generality of expression in the letter of July 30, 1976, is not wholly without significance.

We deem it unnecessary to consider the court's action upon the other requests for rulings, in view of our determination of prejudicial error by the court's action previously discussed.

There being prejudicial error in the court's denial of request for ruling number 1, the finding for the plaintiff is to be vacated and a new trial is ordered.

So ordered.

J. Welsh

---

[1]Baldove Singh, formerly doing business as Contemporary Sportswear, also known as Cima Sportswear, now doing business as Little Things, Cima.

Terminate on Sept. 14, 1976. The court's action thereon: 'Denied.' "