Black, J.
This is a civil action in contract brought by the plaintiff, Art Floor Company, Inc., against the defendant, Anthony’ sPier Four, Inc., on May 31; 1979. The complaint sets forth two counts. The first alleges that pursuant to án agreement between the parties the plaintiff undertook to do work for the defendant at its premises in Boston, which involved the removal of old plank flooring, the installation of new flooring, the replacement of the sub-floor, and the sanding and finishing of said floor. The plaintiff further alleges that the defendant owes $8,750.00 for the work done. Count II is in quantum meruit for the same work, the fair value of which the plaintiff alleges to be $12,750.00, of which $4,000.00 has been paid on account, leaving a balance due of $8,750.00.
The defendant answered on July 24, 1979, admitting the existence of the agreement and that the work had been done by the plaintiff, but denying that it had been done in a workmanlike manner or that anything further was due the plaintiff. The answer also set forth several affirmative defenses, namely, failure to set forth a claim upon which relief could be granted, waiver, estoppel, and failure of consideration.
A trial on the merits was heard before Doyle, J., and a finding for the defendant on both counts of the plaintiffs complaint was entered December 18, 1980.
At the trial, there was evidence tending to show:
1. That the plaintiff undertook to re-floor approximately 1,800 square feet in the lounge area. The condition of the floor beforehand was such that representatives of the defendant desired initially only to have a portion of the entire floor done but, after having been quoted a price for the redoing of the entire 1,800 square foot area, they gave the plaintiff approval for the removal of the old ranch plank flooring and the installation of a new flooring to be similar to that which was on the old floor.
2. That the contract between the parties called for a total price for the entire 1,800 square feet of $12,750.00, and, prior to the plaintiff’s beginning its work, it received a $4,000.00 from the defendant.
3. That the new and old floor consisted of a top surface of oak ranch planking, a middle layer of water-resistant felt, and a bottom layer of plywood attached to a concrete substructure. The work consisted of removing and replacing the oak plank flooring and the water-resistant felt screen and plywood where the plaintiff deemed it necessary.
4. That work commenced on October 29, 1978, near the bay window. The work was *116 done in segments over seven evenings. Within 24 hours after the plaintiff began the first segment near the bay window, the floor buckled and the plaintiff endeavored to fix it. Defendant called this to the attention of the principal of the plaintiff corporation and asked that, if the floor could not be fixed properly, further work cease immediately. The plaintiffs principal assured defendant that the work could and would be done properly. Within the next week there was more buckling which again was was called to the attention of representatives of the plaintiff.
5. By November 6, 1978, the oak floor was completely installed and even after that installation buckling occurred. Over the next several weeks, the floor began to buckle in additional places. The plaintiff returned on three occasions to attempt to fix the buckling problems. On the third such occasion, the plaintiff told the defendant the floor could not. be fixed properly because of a water condition beneath the floor. The plaintiff refused to do any further work on the floor until the water condition was corrected.
6. Within one to two months after the plaintiff had completed its installation of the oak floor, the defendant tore up approximately 400 square feet of the floor and replaced it, as a stopgap measure, with plywood. A representative of the defendant testified that the cost of lumber fordoing same was approximately $514.50 and it took several days for the defendant’s employees to do the work. The defendant’s manager testified that this aforesaid 400 square foot area was in such a location and condition that the floor needed to be replaced because it was unsafe for customers and waiters and therefore consituted a dangerous condition.
7. Additionally, the restaurant manager of the defendant testified that the appearance of the floor was unsightly and uneven and that certain carpets were purchased to go over the unsightly areas.
8. The defendant introduced into evidence two photographs showing an example of the buckling of the floor shortly after the work was completed by the plaintiff. The photographs were taken of an area not within the area traversed by customers and waiters and therefore not replaced by the defendant.
9. There was also other evidence offered by the plaintiff that would indicate that the work on the floor was installed in a good, workmanlike manner.
At the close of the trial and before arguments, the plaintiff made the following Requests for Rulings:
1. That there is sufficient evidence to warrant a finding for the plaintiff against the defendant. (Allowed)
2. That there is insufficient evidence to warrant a finding for the defendant. (Denied)
3. That there is sufficient evidence to warrant a finding that there was an agreement between the parties dated October 16, 1978. (See Court’s Finding of Fact)
4. That there is sufficient evidence to warrant a finding that the agreement provided that the plaintiff would do flooring work on the premises of Anthony’s Pier Four in Boston as specified in the agreement dated October 16, 1978. (See Court’s Finding of Fact)
5. That there is sufficient evidence to warrant a finding that the agreement provided for the plaintiff to be paid $12,750.00. (See Court’s Finding of Fact)
6. That there is sufficient evidence to warrant a finding that the plaintiff has been paid $4,000.00. (See Court’s Finding of Fact)
7. That there is sufficient evidence to warrant a finding that there was pre-existing water and/or a water problem under the floor which the plaintiff undertook to replace. (Denied)
8. That there is sufficient evidence to warrant a finding that the plaintiff called the water problem to the attention of the defendant, its agents, servants or employees. (Denied)
9. That there is sufficient evidence to warrant a finding that the plaintiff completed its *117 flooring job as agreed. (Allowed)
10. That there is sufficient evidence to warrant a finding that the floor in question buckled. (Denied, See Court’s Finding of Fact)
11. That there is sufficient evidence to warrant a finding that the buckling of the floor was caused by a pre-existing water problem. (Denied, See Court’s Finding of Fact)
12. That there is sufficient evidence to warrant a finding that the plaintiff completed its flooring job in a good and workmanlike fashion. (Allowed)
13. That there is sufficient evidence to warrant a finding that the materials used by the plaintiff in its performance of its agreement with the defendant were merchantable and fit for the purpose for which they were used. (Denied)
On December 29, 1980, the plaintiff filed a motion for a new trial, a request for extention of time for filing a Draft Report, and a request for a report. The request for a report and the request for an extension were allowed on January 6, 1981, ten days being allowed for the filing of the Draft Report. The motion for a new trial was denied. On January 7, 1981, the plaintiffs Draft Report was filed. The trial judge amended his findings of fact on January 12,1981, and on March 16, 1981, the plaintiff filed a revised Draft Report which was allowed on March 24, 1981.
The plaintiff alleges to have been aggrieved by the Court’s Rulings on Requests for Rulings # 1 and #12, both of which were allowed. The court found the following facts:
The plaintiff and defendant entered into an Agreement in October, 1978, whereby the plaintiff agreed to install a new floor at the defendant’s restaurant in Boston for $12,750.00. The plaintiff was paid $4,000.00 in advance. The defendant (sic) did not install the floor in a workmanlike manner. Major defects existed in the floor installed by the plaintiff which created a dangerous condition for customers and employees. The defendant was put to great expense to repair some of the aforesaid defects. Furthermore, the floor installed by the defendant (sic) looked poorly.
Although the plaintiff claims to be aggrieved by the court’s allowance of its Requests for Rulings # 1 and # 12, the substance of the plaintiff’s complaint on appeal is that the court’s findings are inconsistent with its rulings of law. The proper remedy to correct any inconsistency between the trial court’s allowance or denial of certain requests for rulings of law and its finding is by the filing of a motion to correct such inconsistency or by a motion for a new trial. Richmond Realty Trust v. Linehan, Inc., 59 Mass. App. Dec. 157, 162 (1977).
We look further at the court’s treatment of the plaintiffs requests to see if there was any reversible error. We find none. In fact, it would have been error to have denied the requests.
The “inexplicable confusion” alluded to in L. Grossman Sons, Inc. v. Rudderham, 319 Mass. 698, 699 (1946), over requests for rulings of the type involved here should have been dispelled by Bresnick v. Heath, 292 Mass. 293, 298 (1935). The court there held that where the plaintiff had requested a ruling that there was evidence to warrant a finding in his favor, it was reversible error to deny it if there was evidence justifying a finding for either party and the finding was for the defendant, unless the judge stated that he refused the requested ruling as immaterial on the facts found. The court pointed out that such a request is not a request that as a matter of law the plaintiff is entitiled to recover. The request in the. Heath case was denied and the trial judge had failed to recite his findings of fact. The case was reversed and sent back for a new trial.
In the more recent case of DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99 (1975), the court noted that requests for rulings to the effect that “the evidence warrants a finding’ ’ have been the subject of frequent appeals over a period of many years and still appear to be a source of considerable difficulty notwithstanding repeated discussions in numerous opinions. In short, where there is a request for a ruling that the evidence *118 warrants a finding in favor of the party submitting the request, and the evidence introduced at trial would support a finding for either party, the request must be allowed, and the trial judge must make specific findings of fact. The denial of such a request is tantamount to a finding that the opposing party is entitled to a finding as a matter of law.
In the instant case, there was evidence submitted by the plaintiff that would indicate that it had performed the work on the floor on the defendant’s premises in a good and workmanlike manner in full conformity with the contract between the parties thereby entitling it to the amount sought in its complaint. The defendant introduced evidence to the contrary. Therefore, the trial judge could have properly found for either party upon all of the evidence. He entered a finding for the defendant and specifically found that the plaintiff did not install the floor in a workmanlike manner and that major defects existed therein which created a dangerous and unsightly condition. The trial judge’s action was fully warranted by the evidence, and his allowance of the plaintiff’s Requests for Rulings was required under the circumstances presented. There was, therefore, no error of law. See Schneider v. Systems Architects, Inc., 1980 Mass. App. Div. 31, 33.
Since there is no error, the report is ordered dismissed.